PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. (four cases).

CENTRAL TRUST CO. v. THIRD AVENUE R. CO. et al (four cases).

(District Court, S. D. New York. January 27, 1912.)

INTERNAL REVENUE (§ 7*)—CORPORATION TAXES—ASSETS IN THE HANDS OF RECEIVERS.

Tariff Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1909, p. 844), imposes a corporation tax on corporations, joint-stock companies, or associations organized for profit, doing business under the laws of the United States, or of any state, equivalent to 1 per cent. of the entire net income over $5,000 received from all sources during the year, exclusive of amounts received by it as dividends on stock of other corporations, subject to the tax, etc. *Held,* that such act did not include the property of street railroad companies in the hands of receivers appointed by federal courts, notwithstanding the property seized did not include the corporation's franchise to be a corporation, and its organization was maintained.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 7.*]

Receivership proceedings by the Pennsylvania Steel Company and others against the New York City Railway Company and another, and by the Central Trust Company against the Third Avenue Railroad Company and others. Applications by the United States for orders requiring the receivers to make and file returns under the corporation tax law. Denied.

These are applications made by the United States Attorney for the Southern District of New York on behalf of the Collector of Internal Revenue for orders of this court requiring its officers, Messrs. Joline and Robinson, as receivers of the Metropolitan Street Railway Company, and Mr. Whitridge, as receiver of the Third Avenue Railroad Company (and of other street railway companies), to make and file returns for the years 1909 and 1910 "for the said companies of their and each of their net incomes" in the manner and form required by section 38 of the tariff act of August 5, 1909, the section known as the corporation tax law. The section reads as fol-

ews. "Sec. 38. That every corporation, joint-stock company or association organized for profit and having a capital stock represented by shares, and every insurance company now or hereafter organized under the laws of the United States or of any state * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business by such corporation, joint-stock company or association or insurance company equivalent to one per centum of the entire net income over and above $5,000 received by it from all sources during such year, exclusive of amounts received by it as dividends upon stock of other corporations, joint-stock companies or associations or insurance companies subject to the tax hereby imposed."

Addison S. Pratt and John N. Boyle, Asst. U. S. Attys.

Arthur H. Masten, William M. Coleman, and James O. Tryon, for Metropolitan receivers.

Evarts, Choate & Sherman and H. J. Bickford, for Third Avenue receiver.

LACOMBE, Circuit Judge (after stating the facts as above). The question here presented was considered, somewhat hastily, in Penn. Steel Co. v. N. Y. City Ry. (C. C.) 176 Fed. 471, 477. With the assistance of the exhaustive briefs which have been submitted, it has been given much more careful attention, but no reason is apparent for reaching a conclusion different from that already expressed. When it is conceded, as it must be under Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, that this tax is not imposed upon the property nor upon the franchises under which the railroad is operated in the different streets and avenues, most of the cases cited by the government become inapplicable. Of course, the corporation could not avoid this tax by turning over its property and the operation of its road to some agent or trustee, who is the mere alter ego of the corporation, but that is not this case.

Receivers are sometimes referred to as the representatives of the corporations, but that expression is not exactly accurate. In receiverships of this sort the corporate life still continues. The corporation may go on electing officers and preserving its organization. Its property (including the franchises under which its road is operated) has been seized by the court and is held for the benefit of creditors or persons entitled to it. Sometimes the property thus seized is sold by order of the court; but such sale does not include the franchise of the debtor to be a corporation and to do business in a corporate capacity, with the privileges thereby secured to it, as pointed out in Flint v. Stone Tracy Co., supra, 220 U. S. 161, 31 Sup. Ct. 342, 55 L. Ed. 389.

It does not seem to me that Congress, while avoiding carefully any taxation of the property of the corporation, intended to impose a tax upon the income realized from the assets of a bankrupt corporation, whose property had been taken over by a court, through its officers to be marshaled and distributed. Certainly the language used does not indicate any such intent.

The motion is denied.