PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

CENTRAL TRUST CO. OF NEW YORK v. THIRD AVENUE R. CO. et al.

(Circuit Court of Appeals, Second Circuit. July 18, 1912.)

Nos. 241, 242.

INTERNAL REVENUE (§ 9*)—CORPORATION TAXES—BUSINESS CONDUCTED BY RECEIVERS.

The special excise tax imposed by Tariff Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112 (U. S. Comp. St. Supp. 1911, p. 946), "with respect to carrying on or doing business by" corporations, joint-stock companies, etc., is one upon doing business in a corporate capacity, and receivers of an insolvent corporation, duly appointed by a court of equity, which corporation was not doing business when the act was passed, and has done no business since, are not within the act, nor required to make returns and pay taxes on the income realized by them while acting as officers of the court and under its direction.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. § 9.*]

Appeals from the District Court of the United States for the Southern District of New York.

Suits by the Pennsylvania Steel Company and another against the New York City Railway Company and others and by the Central Trust Company of New York against the Third Avenue Railroad Company and others. From orders (193 Fed. 286) denying its applications for orders directing receivers for defendants to make returns under corporation tax law, the United States appeals. Affirmed.

See, also, 198 Fed. 783.

An order entered February 7, 1912, denied the motion, made by the United States, for an order directing the receivers of the various railway corporations operating in the city of New York to make a true and accurate return of net income for the years 1909 and 1910, for each of the said corporations, respectively, to the collector of internal revenue, pursuant to the provisions of section 38 of the act of Congress of August 5, 1909 (36 Stat. 112). The questions in each of these actions are identical and, to save unnecessary repetition, may be considered in the case of the Metropolitan Street Railway Company.

Henry A. Wise, U. S. Atty., and Addison S. Pratt and John N. Boyle, Asst. U. S. Attys.

Evarts, Choate & Sherman and Herbert J. Bickford, for Whitridge, receiver.

Masten & Nichols (Arthur H. Masten and Ellis W. Leavenworth, of counsel), for Joline and Robinson, receivers.

—————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. The facts are undisputed. The question is one of law, and may be epitomized as follows: Are receivers of an insolvent corporation, duly appointed by a court of equity, which corporation was not engaged in business when the taxing act was passed and has done no business since, required to make returns and pay taxes upon the income realized by them while acting as officers of the court and under its direction?

Section 38, so far as it is applicable to the present controversy, provides that every corporation organized for profit and having a capital stock represented by shares, shall be subject to pay annually a special excise tax, with respect to the carrying on or doing business by such corporation, equivalent to one per centum upon the entire net income, over and above five thousand dollars, received by it from all sources during such year, exclusive of amounts received by it as dividends upon stock of other corporations, joint stock companies or associations or insurance companies, subject to the tax hereby imposed.

The act further provides that a true and accurate return under oath or affirmation of its president, vice president, or other principal officer, and its treasurer or assistant treasurer, shall be made by the corporation to the collector for the district in which such corporation has its principal place of business, setting forth the amount of its paid-up capital stock, the amount of its bonded and other indebtedness, the gross amount of its income received during the year from all sources, the amount received by way of dividends, the total amount of all ordinary and necessary expenses actually paid out of earnings in the maintenance and operation of the business and the total amount of all losses actually sustained during the year. The act also provides for an accurate return of the interest paid during the year on the bonded and other indebtedness of the corporation, the amount paid by it for taxes and its net income after making the deductions authorized by the act.

The act in question, levying, as it does, a tax upon the citizen, must be strictly construed; it cannot be enlarged by construction to cover matters not clearly within its purport. The question is not what Congress might have done or should have done, but what it actually did do. When this is ascertained the duty of the court is accomplished. We are of the opinion that the act is inapplicable to receivers for the following reasons:

First.—The taxation of business done and income received by receivers is not contemplated by the act, receivers are not mentioned. This omission cannot be attributed to inadvertence. The lawmakers unquestionably understood the situation; they knew that corporations frequently become bankrupt and are placed in the hands of receivers and yet no provision in the act relates to this contingency. It is not improbable that the intention was to avoid the decision of the Supreme Court in the Pollock Case by confining the tax strictly to the doing of business in a corporate capacity.

Whatever the reason may have been, the fact remains that the doing of business by receivers in their representative capacity, as officers of the court, is not taxed by the act and no provision is made therein for the ascertainment and collection of such a tax.

Second.—There can be no doubt that the special excise tax provided for by the act is imposed as a tax upon doing business in a corporate capacity. In other words, if an enterprise be carried on through the instrumentality of a corporation, it must pay for the privilege. We so understand the decision of the Supreme Court upholding the act in question in Flint v. Stone Tracy Co., 220 U. S. 107, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. The court says:

"The tax is imposed not upon the franchises of the corporation irrespective of their use in business, nor upon the property of the corporation, but upon the doing of corporate or insurance business and with respect to the carrying on thereof. * * * When imposed in this manner it is a tax upon the doing of business with the advantages which inhere in the peculiarities of corporate or joint-stock organizations of the character described. * * * It may be described generally as a tax upon doing of business in a corporate capacity. * * * The tax is not payable unless there be a carrying on or doing of business in the designated capacity, and this is made the occasion for the tax, measured by the standard prescribed. As was said in the Thomas Case, 192 U. S. 363 [24 Sup. Ct. 305, 48 L. Ed. 481] supra, the requirement to pay such taxes involves the exercise of privileges, and the element of absolute and unavoidable demand is lacking. If business is not done in the manner described in the statute, no tax is payable."

If the business be carried on by an individual or a partnership, no tax is imposed. It is only when the parties interested seek the advantages and protection which a corporation, or a joint stock association, affords that the tax is payable. This proposition was decided in Zonne v. Minneapolis Syndicate, 220 U. S. 187, 31 Sup. Ct. 361, 55 L. Ed. 428. The court says:

"The corporation had practically gone out of business in connection with the property and had disqualified itself by the terms of the reorganization from any activity in respect to it. We are of opinion that the corporation was not doing business in such wise as to make it subject to the tax imposed by the act of 1909."

Third.—The act, in all its provisions, clearly contemplates that the tax is to be paid by a corporation which is actually engaged in business as an actively operating concern. It nowhere intimates that the tax can be collected unless the corporation is carrying on the business.

The net income upon which the tax is levied is to be ascertained by deducting from the gross income of the corporation expenses, losses and interest on the corporation's bonded or other indebtedness and amounts actually paid by it for taxes and received by it as dividends upon stock of other corporations which are subject to taxation under the law. The return required by the act is to be verified by the president, vice president, or other principal officer, and the treasurer or assistant treasurer of the corporation, and must contain a statement of the corporation's financial condition in all particulars required by law. If the return is found to be incor-

rect, the act provides for further information by an examination of any officer or employé. The corporation is to be notified of the amount for which it is liable and if it fails to make a return or makes a false or fraudulent return, it shall be liable to a penalty. It cannot be held that an act which nowhere mentions receivers and which in every paragraph deals with corporations and joint-stock companies actually engaged in business, can, by construction, be made to cover the business, temporarily undertaken, of conserving the property of such a corporation for the benefit of its creditors and the public.

Fourth.—It is manifest that the functions of the Metropolitan Street Railway Company, as a corporation, were superseded when all its property was placed in the hands of receivers by a court of equity, in order that it might be saved for the benefit of all its creditors. It could no longer act in its corporate capacity, it could no longer operate the railroad; it lost, for the time at least, all dominion over its property. Its officers could not make the return required by the act for the obvious reason that the corporation had carried on no business during the years 1909 and 1910 and, therefore, had received no income from any source. The receivers could not make the return for the reason that they were neither the corporation nor the representatives thereof. During their administration the Metropolitan Company has not been carrying on corporate business and has received no income in that capacity. They were in possession as officers of the court and were subject to its orders. Whatever corporate functions the company possessed were in abeyance during the period that the court held the property for the benefit of all the creditors.

Assuming that a net income could arise in such circumstances, and assuming further that Congress could constitutionally levy "a special excise tax with respect to carrying on the business of such corporation," we are clearly of the opinion that it has failed to do so under the present act.

Fifth.—We have been presented by the United States attorney with an elaborate and learned brief showing great research and citing many cases involving the construction of state statutes, most of them arising in the state courts of New York, Pennsylvania, New Jersey and Massachusetts. We agree, however, with the court below in thinking that:

"When it is conceded, as it must be under Flint v. Stone Tracy Co., 220 U. S. 107,[1] that this tax is not imposed upon the property nor upon the franchises under which the railroad is operated in the different streets and avenues, most of the cases cited by the government became inapplicable."

We are, of course, bound by the law as enunciated by the Supreme Court and we think that the decisions of that tribunal and of the other federal courts cited by counsel sustain the conclusions reached.

The orders appealed from are affirmed.

[1] 31 Sup. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312.