## EQUITABLE TRUST CO. OF NEW YORK v. WESTERN PAC. RY. CO. et al.

(District Court, N. D. California, Second Division.    August 21, 1916.)

### No. 169.

INTERNAL REVENUE ☞9—CORPORATION TAX—BUSINESS CONDUCTED BY RECEIVERS—"NET EARNINGS."

Where receivers through whom the court took possession of the property of an insolvent railroad company operated the railroad, funds in the hands of the receivers, represented by the net proceeds in conducting the operations of the road over and above the expense and authorized expenditures paid out by them, are not subject to the tax under federal Income Tax Act as "net earnings," and no return could be made thereon

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 13–28; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, Net Earnings.]

In Equity. Suit by the Equitable Trust Company of New York, a corporation, against the Western Pacific Railway Company, a corporation, and others. On application by receivers for instructions whether to make a return under the federal Income Tax Act. Receivers directed to make no return.

See, also, 231 Fed. 478; 233 Fed. 335; 236 Fed. 814.

Jared How, of San Francisco, Cal., for plaintiff.

Alexander R. Baldwin, of San Francisco, Cal., for defendants.

John S. Partridge and Garret W. McEnerney, both of San Francisco, Cal., for receivers.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN FLEET, District Judge. The question presented by the application of the receivers herein for instructions of the court is whether the fund in the hands of the receivers, represented by the net proceeds in conducting the operations of the road while in their hands over and above the expense and authorized expenditures paid out by them, is subject to tax under the federal Income Tax Act as net earnings of the corporation, and as such required to be returned by them to the Collector of Internal Revenue of this district for the purposes of such tax.

I am of opinion that the facts bring the case within the principles of Pennsylvania Steel Co. v. New York City Railway Co., 198 Fed. 775, 117 C. C. A. 556; and upon the authority of that case it is held that such fund is not subject to the tax.

The receivers will be governed accordingly, and an appropriate order to that end may be prepared by the attorney for the receivers and entered herein.