SCOTT, Collector of Internal Revenue, v. WESTERN PAC. R. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1917.)

No. 2950.

1. RECEIVERS ⬅112—AUTHORITY OF—INSTRUCTIONS.

Receivers are officers of the court, and may properly ask instructions concerning the administration of the property in their charge, and so it is their duty, if they believe a tax to be unlawful, to apply for instructions whether to pay the same.

2. RECEIVERS ⬅112—INSTRUCTIONS—ENJOINING TAXES.

Despite Rev. St. § 3224 (Comp. St. 1916, § 5947), declaring that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained, receivers, as officers of the court, may, where they deem the property or income from the property in their charge not to be subject to tax, as contended by collecting officials, apply to the appointing court for instructions as to payment.

3. INTERNAL REVENUE ⬅7—INCOME TAXES—PROPERTY IN CHARGE OF RECEIVER.

Act Oct. 3, 1913, c. 16, § 2, A to N, inclusive, 38 Stat. 166, making detailed provision for the imposition and collection of income taxes from individuals and corporations, joinst-stock corporations, or associations organized for profit and having a capital stock represented by shares, omitted the word "receivers." Prior to the adoption of such statute it had been held, under Corporation Tax Act Aug. 5, 1909, c. 6, § 38, 36 Stat. 112, which also omitted reference to receivers, that excise taxes could not be imposed upon a receiver of a corporation. Held, in view of such construction, and of the fact that Income Tax Act Sept. 8, 1916, c. 463, pt. 2, § 13, subd. "c," 39 Stat. 771 (Comp. St. 1916, § 6336m), provided for payment of income taxes by corporate receivers, that no income tax could be assessed on income collected by receiver of an insolvent corporation, the reference in Act Oct. 3, 1913, § 2, subds. "d" and "e," to receivers showing that the term was used with respect to receivers of individuals.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Suit by the Equitable Trust Company of New York, a corporation, against the Western Pacific Railroad Company and others. On application by Frank G. Drum and another, receivers, for instructions whether to make a return under the federal Income Tax Act of 1913. The receivers were directed to make no return (236 Fed. 813), and Joseph J. Scott, as Collector of Internal Revenue of the United States, First Collection District of California, appeals. Affirmed.

John W. Preston, U. S. Atty., and Ed. F. Jared, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

A. R. Baldwin, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. In accordance with the Income Tax Law of October 3, 1913, 38 St. at Large, 166, c. 16, the receivers of the Western Pacific Railroad Company filed a return of the net income of the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

road for 1915. The report showed no taxable income. The Treasury Department officials, being of the opinion that certain deductions from the gross income received were not actual disbursements, disallowed certain interest deductions and ordered an assessment upon $1,408,034.99. The receivers, who had been appointed by the District Court of the United States for the Northern District of California, in an action entitled "Equitable Trust Co. of New York, Plaintiff, v. Western Pacific Railroad Co. et al., Defendants," filed a petition in the District Court, setting up that the assessment was illegal, and praying that a citation issue to Joseph J. Scott, collector of internal revenue, directing him to appear and show cause why the statement filed by the receivers should not be accepted. The collector appeared through the United States attorney and moved to dismiss the petition for lack of jurisdiction and other reasons going to the merits. After a hearing the court ordered the receivers to make no payments of income tax and dismissed the order to show cause. The collector has appealed from this order.

[1, 2] Counsel for the United States contend that the court exceeded its jurisdiction in making the order complained of and cite section 3224 of the Revised Statutes of the United States (Comp. St. 1916, § 5947), which provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. But we regard that statute as inapplicable, and for the reason that this is not a suit to restrain the assessment or collection of a tax. Receivers are officers of the court, and by all authority may properly ask instructions from the court concerning the administration of the property in their hands. High on Receivers, § 188; Grant v. Phœnix Life Insurance Co., 121 U. S. 118, 7 Sup. Ct. 849, 30 L. Ed. 909. That the question presented to them involves payment of taxes does not change the rule. In Ex parte Chamberlain (C. C.) 55 Fed. 704, the receiver of a railway property petitioned the court for necessary orders to prevent the enforcement of the payment of certain local taxes which had been imposed. The Circuit Court, Judges Goff and Simonton sitting, held that the property in the hands of the receiver was in the custody of the court, and that, while it was the duty of the receivers to pay lawfully imposed taxes without asking the sanction of the court, on the other hand, they were not bound to pay a tax, which in their judgment was unlawful, without an order of the court, and that it was their duty to apply to the court either for instruction or protection when they believed the legality of the tax questionable. Upon review the Supreme Court affirmed this view (Ex parte Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689), saying that the usual course pursued was by intervention pro interesse suo, as in the instance of sequestration, and that no reason was perceived why the tax collector should not bring his claim to the attention of the court, and that it was the clear duty to do so if he contended that the taxes are illegal. "If found valid, they must be paid; if invalid, the court will so declare, subject to the review of the appellate tribunals." Ledoux v. La Bee (C. C.) 83 Fed. 761; Pennsylvania Steel Co. v. New York City Railway Co. (C. C.) 176 Fed.

477; Id. (C. C.) 193 Fed. 286, affirmed in 198 Fed. 775, 117 C. C. A. 556; see, further, United States v. Whitridge, 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159; Brushaber v. Union Pacific Railroad Co., 240 U. S. 1, 36 Sup. Ct. 236, 60 L. Ed. 493, Ann. Cas. 1917B, 713, L. R. A. 1917D, 414; Spencer v. Babylon R. Co. (D. C.) 233 Fed. 803. We believe there was jurisdiction to make the order complained of.

[3] The next question is whether the act of Congress of October 3, 1913, applies to receivers of corporations. References to parts of the law, section II, A to N, inclusive, of the act of Congress which is generally called the Income Tax provision, shows no express language providing for the imposition and collection of any tax upon corporations in the hands of receivers. Detailed regulation is made for the levy and assessment upon the net income of every corporation, joint-stock company, or association, and every insurance company organized in the United States. These are substantially the same expressions found in section 38 of the Income Tax Law of August 5, 1909, where it was provided that:

"Every corporation, joint-stock company or association, organized for profit and having a capital stock represented by shares, and every insurance company, now or hereafter organized under the laws of the United States * * * shall be subject to pay annually a special excise tax with respect to the carrying on or doing business."

The omission in section II of the Act of August 5, 1909, of the word "receivers," opened the way to litigation as to the intent of Congress. One of the principal cases is Pennsylvania Steel Co. v. New York City Railway Co. (C. C.) 176 Fed. 477, where the receivers of the defendant road asked instructions as to what action they should take in the matter of paying excise taxes. Judge Lacombe, in the Circuit Court at New York, held that, as the act contained no provisions as to receivers, Congress did not intend to include bankrupt corporations with no net income, whose properties were being administered by a court, and that if, at the time fixed for making returns, a statement was filed with the proper officers showing that the roads were in the hands of receivers it was sufficient. Upon careful re-examination of the question, Judge Lacombe again held that the statute did not authorize the imposition of a tax upon the income realized from the assets of a bankrupt corporation, where the property had been taken over by a court. Pennsylvania Steel Co. v. New York City Ry. Co. (C. C.) 193 Fed. 286. Later the Circuit Court of Appeals for the Second Circuit, in Pennsylvania Steel Co. et al. v. New York City Railway Co. et al., 198 Fed. 774, 117 C. C. A. 556, affirmed the decisions of Judge Lacombe, and held that omission to impose a tax on business done and income received by receivers was not inadvertence, but intentional, and that it could not be held that an act which nowhere mentioned income received by receivers, and yet which in every paragraph dealt with corporations and joint stock companies, actually engaged in business, could be made to cover the business temporarily undertaken of conserving the property of a corporation in the custody of the court for the benefit of its creditors and the public. The Supreme Court

affirmed the decision of the Circuit Court of Appeals, and held that the act of 1909 did not impose a tax upon the income derived from the management of corporate property by the receivers in the case. United States v. Whitridge, supra.

That the omission in the act of October 3, 1913, to include property held by receivers was intentional, is to some extent further shown by referring to the Income Tax Law of September 8, 1916. By section 10 of the act (39 St. at Large, 765, ch. 463 [Comp. St. 1916, § 6336j]) provision is made for the levy, assessment, and payment ·of a tax on the total net income received in the preceding calendar year from all sources by every corporation, joint-stock company, or association, or insurance company, in the same manner that, under the act of 1913, a tax was imposed on the net income of such associations, corporations, or companies. But, while the act of 1913 omits reference to receivers of corporations, the act of 1916 expressly provides for the inclusion of property held by such receivers, and how receivers shall make returns. Subdivision (C), section 13, part II, Act of 1916, so far as material, is as follows:

"In cases wherein receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, * * * subject to tax imposed by this title, such receivers, trustees, or assignees shall make returns of net income as and for such corporations, * * * in the same manner and form as such organizations are hereinbefore required to make returns, and any income tax due on the basis of such returns made by receivers, * * * shall be assessed and collected in the same manner as if assessed directly against the organizations of whose businesses or properties they have custody and control."

We have not overlooked the fact that there are in the law of 1913 certain provisions relating to the imposition of taxes in certain instances where there are receivers. "D" and "E," headings, section II, are to be noticed. "D" provides that guardians, trustees, agents, receivers, and others specified shall make returns of net income for the person "for whom they act subject to this tax," and that they shall be subject to all provisions of the section which apply to individuals. It would seem that the tax referred to is the tax imposed upon individuals referred to in the headings, and the person subject to the tax is one required to make return, a person (D) of lawful age, except as specially provided, and having a net income of $3,000 or over for the taxable year. The use of the word "receiver," in heading "E," has further to do with fiduciaries who are acting under heading "D" by providing that they shall withhold at the source the normal tax imposed on the individual and make the payments as prescribed of the amounts so held out.

Our conclusion is that there are no clear and express words which provide for the imposition of the tax upon property held by receivers appointed by the court, and that, without certainty as to the meaning and scope of language imposing the tax, doubt must be resolved in favor of the receivers. Treat v. White, 181 U. S. 264, 21 Sup. Ct. 611, 45 L. Ed. 853; Eidman v. Martinez, 184 U. S. 578, 22 Sup. Ct. 515, 46 L. Ed. 697.

The order appealed from is affirmed.