In re HELLER, HIRSH & CO.

(Circuit Court of Appeals, Second Circuit. May 14, 1919.)

No. 186.

INTERNAL REVENUE ⬤⟞7—INCOME TAXES—LIABILITY OF TRUSTEE IN BANKRUPTCY.

A trustee of a bankrupt corporation, who is not carrying on its business, but has received funds as a result of a compromise made by him with a foreign corporation of a claim for nonpayment of salary and commissions, is not liable to pay an income tax under Act Sept. 8, 1916, § 13(c), being Comp. St. § 6336m, since under such section only net income earned by a trustee while operating the business of a bankrupt corporation is taxable.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Heller, Hirsh & Co., a corporation, bankrupt. A petition by the United States attorney for an order directing the trus-

tee of the bankrupt to pay to the collector of internal revenue for the Second district of New York $2,400 as taxes on income under Act Sept. 8, 1916, as a preferred claim, was denied, and the government appeals. Affirmed.

Francis G. Caffey, U. S. Atty., of New York City (Ben A. Matthews and Vincent H. Rothwell, Asst. U. S. Attys., both of New York City, of counsel), for collector of internal revenue.

Rushmore, Bisbee & Stern, of New York City (Abraham Freedman, of New York City, of counsel), for trustee.

Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. The United States attorney filed a petition for an order directing the trustee of the bankrupt corporation to pay to the collector of internal revenue for the Second district of New York the sum of $2,400 under Act Sept. 8, 1916, c. 463, 39 Stat. 756, as taxes upon income for the year 1916, as a preferred claim. The trustee was not carrying on the business of the bankrupt, and the funds said to constitute net income were the result of a compromise made by him with a foreign corporation of a claim for nonpayment of salary and commissions by the foreign corporation to the bankrupt corporation as its agents between the years 1910 and 1914. The referee, John J. Townsend, Esq., recommended that the prayer of the petition be denied, and his report, which is set out below, was confirmed without opinion by Judge Hough. We are quite clear that under section 13(c) of the act of 1916 (Comp. St. § 6336m) only net income earned by a trustee while operating the business of a bankrupt corporation is taxable.

The order is affirmed.

NOTE.—Referee Townsend's opinion, referred to in the opinion, here follows:

"Instead of making an order as referee on the present motion, I deem it more convenient to report to the judges the order I recommend should be made by them.

"On June 19, 1917, the United States attorney for the Southern district of New York filed with the referee the accompanying petition and notice of motion asking for an order directing Francis L. Kohlman, the trustee in bankruptcy of the bankrupt corporation, to pay to the collector of internal revenue for the Second district of New York the sum of $2,400 as a preferred claim against the estate of the said bankrupt corporation and against the said trustee in bankruptcy.

"The motion papers present the claim as an income tax for the year 1916, due and owing the United States of America by the trustee in bankruptcy; the tax being alleged to have accrued upon the income received by the trustee in bankruptcy during the year 1916, under the provisions of the act of Congress approved September 8, 1916. On June 19, 1917, the trustee in bankruptcy filed with the referee his affidavit denying any liability for the claim.

"On November 15, 1917, the parties filed with the referee the accompanying stipulation setting out the facts. This stipulation should be read at this point of my report. Among other facts set out in the stipulation the following appear:

"On April 23, 1915, the corporation (which had been engaged in business as a broker and dealer in fertilizing material) was adjudged a bankrupt after a petition in bankruptcy had been filed against the corporation (paragraph 2). At such date the bankrupt corporation was the owner of a claim or chose in

action against an association organized under the laws of the empire of Germany, known as the Kalliwerke-Solstedt, which claim, amounting to $396,-973.44 (for commission and salary), had accrued in the year 1914 and in prior years (paragraphs 3 and 4). On July 27, 1916, this claim, with certain claims against the International Agricultural Corporation, were compromised by the payment to the trustee in bankruptcy of $119,275 (paragraph 6). Paragraphs 8, 9, and 10 set out certain deductions with which the trustee in bankruptcy deems himself entitled to be credited, if it be determined that he is a taxable party. Paragraph 12 sets out certain deductions with which the trustee in bankruptcy claims that the bankrupt corporation is entitled to be credited, if the fund collected be regarded as deferred income of the bankrupt corporation for the years 1910 to 1914, both inclusive. Paragraph 13 sets out that during the years 1912 to 1915, inclusive, the corporation sustained losses in its business in excess of the amount of its gross profits.

"The view I take of the case renders the facts set out in the stipulation, in my opinion, in large part immaterial. The basis of the claim of the government is tabulated in paragraph 9 of the stipulation; the government in its brief claiming the balance of $26,789.41 to be net taxable income upon which the government claims an income tax against the trustee in bankruptcy for the year 1916. The claim is advanced by the government under the act of September 8, 1916. This act superseded the prior act of October 3, 1913 (38 Stat. 114, c. 16). Sections II, A, B, C, D, E, F, G.

"Carefully prepared briefs have been filed with the Referee by the parties. I find in the briefs no decisions which I deem decisive of the present motion, viz. no decisions where the government asserts a claim for an income tax against a trustee in bankruptcy of a corporation or individual adjudicated a bankrupt and therefore presumably insolvent. I refer below to certain decisions which in my opinion aid in deciding the present motion.

"In my opinion the present motion depends for its determination upon a judicial interpretation of the act of September 8, 1916, a copy of which act accompanies this report. Such interpretation should be a fair one. It is not the duty of this court or of the government authorities to resort to Procrustean methods of interpretation against the taxpayer.

"I find nothing in the act of September 8, 1916, to indicate that Congress intended to impose an income tax upon a trustee in bankruptcy in respect to the assets of a bankrupt corporation which he has taken over to be marshaled and distributed among the creditors of the corporation. To my mind the text of the act of September 8, 1916, does not indicate any such purpose. This view of the act does not deprive the government of its just due. The dividends declared and distributed to the creditors are presumptively income in the hands of the latter subject to an income tax to be assessed against the latter.

"Part I of the act of September 8, 1916 (Comp. St. § 6336a–6336iii), deals with the income tax on individuals: Section 1 (Comp. St. § 6336a) provides for a tax on 'the entire net income' of the individual. Section 5 and section 6 (Comp. St. §§ 6336e, 6336f) provide for certain deductions before the amount of the 'net income' is determined. Section 2(b) and 8(c) (Comp. St. §§ 6336b, 6336h) contemplate cases where the corpus of the individual's property (both after his death or during his lifetime) is in the possession of and the income received by persons acting in a fiduciary capacity.

"There is not the slightest suggestion in part I of the statute either that Congress intended to impose an income tax upon an insolvent individual liquidating his own estate or upon the liquidator of an insolvent individual's estate, nor is there any suggestion that it entered into the mind of Congress that such insolvent individual or his liquidator should be regarded as having a 'net income.'

"Such being my conclusion with respect to individuals dealt with in part I of the act, I pass to part II of the act (Comp. St. §§ 6336j–6336n), dealing with the income tax on corporations. I find nothing in part II to indicate that Congress intended to apply a different rule in the case of corporations from that enacted in the case of individuals. Section 10 (Comp. St. § 6336j) imposes an income tax upon the 'total net income' received by a corporation. Section 12

(a), being section 6336l. Comp. St., provides for certain deductions before such 'net income' is ascertained.

"Great stress is laid by the government on the provisions of section 13(c) of the act of September 8, 1916. The presence of subdivision (c) in the act of September 8, 1916, and its absence from the prior act of October 3, 1913, has to my mind no significance in the present case in view of the peculiar language of subdivision (c).

"The language used in subdivision (c) shows that the subdivision was not intended by Congress to apply in the case of receivers or trustees in bankruptcy or assignees who merely marshaled and distributed the assets of an insolvent corporation among its creditors. In terms subdivision (c) applies only in cases where receivers or trustees in bankruptcy or assignees 'are operating the property or business of corporations' and thus may be in the receipt of a 'net income' as defined in the prior sections of the act. I regard the quoted words as of marked significance.

"To my mind the subdivision was inserted in the act to meet the specified case of the profitable operation of the business of a corporation by the officers mentioned; for instance, the operation of the business of a railroad corporation by receivers or the operation of the business of a manufacturing corporation by a trustee in bankruptcy, etc.

"In either of such cases it is quite possible that the operation of the business might result in a net income, a result which Congress sought very properly to reach. See Scott v. Western Pacific R. R. Co., 246 Fed. 545, 548, 158 C. C. A. 515 (C. C. A. 9th Circuit, 1917). I repeat my conviction that in enacting subdivision (c) Congress had in mind the definite case so aptly described by the language used, and not the case of the officers mentioned when acting merely as liquidators.

"The decisions rendered in this circuit, where receivers were engaged in operating the business of street railroad corporations, give some support to the view I have expressed, although the cases arose under the so-called United States Corporation Tax Law of August 5, 1909, c. 6, 36 Stat. 112, and not under the Income Tax Acts of October 3, 1913, or September 8, 1916.

"It has been held that the Corporation Tax Law of 1909 imposed an excise tax upon the business of a corporation in a sum equivalent to 1 per cent. upon the 'entire net income' of a corporation above $5,000. It is to be noted that whether the tax imposed be termed an excise tax or a direct income tax, its imposition depended upon the existence of a 'net income.'

"The United States district attorney applied to the Circuit Court to compel the receivers of the Metropolitan Street Railway Company and the receiver of the Third Avenue Railroad Company to file returns for those corporations for the years 1909 and 1910.

"The Circuit Judge (Pennsylvania Steel Co. v. New York City Railway Co. [D. C.] 193 Fed. 286) held (bottom of page 287) that the statute was not intended to impose a tax upon the income realized from the assets of a bankrupt corporation whose property had been taken over by a court through its officers to be marshaled and distributed and that the language used did not indicate any such intent.

"This ruling, denying the application of the United States district attorney against the receivers, was affirmed by the Circuit Court of Appeals. 198 Fed. 774, 117 C. C. A. 556. The opinion states that such statutes are to be strictly construed, and that the act of 1909 (198 Fed. 775–777, 117 C. C. A. 557–559) manifested no intent to impose a tax except where a corporation is carrying on business, and not where it is insolvent and in the hands of receivers.

"The decision of the Circuit Court of Appeals was affirmed by the United States Supreme Court (United States v. Whitridge, 231 U. S. 144, 149, 34 Sup. Ct. 24, 25 [58 L. Ed. 159]), the court holding that receivers of insolvent corporations were not within 'the spirit' or 'the letter' of the act. Attention is also called to the recent decision by Hotchkiss, J., in Lathers v. Hamlin, 102 Misc. Rep. 563, 170 N. Y. Supp. 98.

"The decisions cited in the brief filed by the government, such as Edwards v. Keith, Collector, 231 Fed. 111, 145 C. C. A. 298, L. R. A. 1918A, 498 (C. C. A. 2d Circuit), and Towne v. Eisner, Collector, 245 U. S. 418, 38 Sup. Ct. 158,

62 L. Ed. 372, L. R. A. 1918D, 254 (January, 1918), turning as they do on what is and what is not taxable income, no question arising in those cases as to the status of the taxes, are not pertinent in my view of the case before me.

"For like reason I have not discussed the correctness of the amount of net income upon which the government claims a tax. This amount, as well as his liability for any tax, is challenged by the trustee in bankruptcy.

"I am of the opinion that the trustee in bankruptcy is entitled to an order denying the prayer of the petition filed by the United States attorney for the Southern district of New York, on behalf of the collector of internal revenue for the Second district of New York."