## PENNSYLVANIA CEMENT CO. v. BRADLEY CONTRACTING CO.

(District Court, S. D. New York. July 7, 1920.)

1. Internal revenue ☞28—United States has no present provable claim for income taxes against receivers until expiration of year for which taxes are due.

The United States has not a present provable claim for income taxes against receivers of a corporation on the corporation's receipt of an amount of money as income prior to the expiration of the calendar year for which such taxes are due.

2. Internal revenue ☞7—"Income tax" defined.

An "income tax" is not a tax upon any specific sum of money, but is a personal tax, measured by sums of money received, or possibly accrued, to the person taxed during a certain period.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income Tax.]

3. Receivers ☞113—Court cannot adjudicate validity of imposing tax prior to due date of tax.

Where, on petition by receiver for instructions as to taxes due the government, the United States refuses to state whether it will claim an income tax on a sum of money received by the receivers prior to the due date of such tax, and does not consent to the adjudication of the question of whether the government can impose such a tax on such fund, the court cannot adjudicate such question.

4. Receivers ☞153—Personally liable for income tax on distribution of fund prior to due date.

Under Comp. St. §§ 6372, 6373, relating to priority of "debts due to the United States," a receiver who distributes to creditors a sum of money received prior to the due date of income tax would be personally responsible, where a valid claim is made by the government, on due date.

5. Action ☞6—One cannot be compelled to come into court and have future rights adjudicated.

One having no present demand presently enforceable, but who can be shown to be about to present a demand, cannot be compelled to come into court and have his future rights adjudicated.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Pennsylvania Cement Company against the Bradley Contracting Company, in which receivers were appointed for defendants. On petition of receivers therein for instructions. Instructions given.

On May 21, 1920, an order to show cause was issued, based upon the receivers' petition, which among other things prayed this court to instruct the receivers as to "the duty of the receivers in connection with any taxes payable to the United States government * * * or any other taxes for which the receivers or this estate may be liable."

The persons served with this order were also required to show cause substantially why a dividend should not presently be paid to the creditors herein.

Upon the return of this order on June 3d, it appeared that service thereof had been made upon the United States Attorney for the Southern District of New York, the Collector of Internal Revenue for the Second District of New York, and the Commissioner of Internal Revenue in Washington, D. C., as well as creditors and other parties in interest in the ordinary sense of the phrase.

It further appeared that approximately 120 claims had been filed against this defendant, in the aggregate amount of upwards of $4,000,000; that the process of liquidating these demands, though by no means completed, had progressed so far that under ordinary circumstances a dividend would be appropriate.

It further appeared that the receivers had on hand a balance of cash amounting to upwards of $500,000, but that such cash was practically all derived from the payment of a certain judgment recovered by the receivers in an action against the city of New York, and paid and satisfied by said city on March 18, 1920.

This judgment was entered in an action brought by the defendant herein against the city prior to the appointment of the receivers under this bill in equity, which is an ordinary creditors' bill asking for a "protective" receivership. The action so pending when receivers were appointed and by them prosecuted in the name of the defendant herein was an action at law to recover damages for breach of contract, and most of the recovery had was not for expenses or disbursements made by the Bradley Construction Company on the faith and strength of the contract so broken by the city, but was for loss of profits or gains which the construction company would have made (in the opinion of the jury) had it been permitted to fulfill its contractual obligations.

In the seventeenth section of the receivers' petition for instructions it is set forth at length that even before the actual receipt of the money so paid as aforesaid under the judgment the receivers sought to obtain a ruling or promise from the Treasury Department of the United States in respect of the attitude of the Treasury regarding taxes under the Income Tax Law in force at the time of their receipt of the money, to wit, the law of 1918, as amended in 1919, down to the date of the receivers' petition (May 21, 1920), the Treasury Department through the Commissioner of Internal Revenue had in effect declined to make any ruling at all.

On the return of the show cause order (June 3, 1920) the United States Attorney for this district appeared specially on behalf of the governmental officials served with the order, and moved to dismiss the motion as to them on the ground that the court had no jurisdiction. This motion was denied, and exception noted. The other matters raised by the receivers' petition were then disposed of, and the motion continued to July 6th in respect of

(a) The duty of the receivers in respect to taxes claimed by or to be claimed by the United States, and

(b) The declaration of a dividend at the present time.

On the adjourned day of hearing the United States Attorney for this district again appeared, and, without withdrawing or seeking to withdraw his motion to dismiss as to the governmental officials, changed his special appearance to a general appearance, but offered no evidence.

From the statements of counsel at bar and the reading of sundry letters which have not been filed, the court concludes as matter of fact that down to the present time the United States through the Treasury Department and the Department of Justice has refused or neglected to make any ruling, state any opinion, or make any promise, much less any agreement of a contractual nature in respect of the governmental attitude regarding taxes, and particularly income taxes in respect of the moneys so as aforesaid collected by the receivers in March, 1920, from the city of New York.

Hughes, Rounds, Schurman & Dwight, of New York City, for Penn Cement Co.

Thomas Henry Keogh, of New York City, for Frank, James, and William Bradley.

Thomas Henry Keogh, Frederick L. C. Keating, and Thomas F. Conway, all of New York City, for Bradley Contracting Co.

Frederick L. C. Keating, of New York City, pro se.

Leo Oppenheimer, S. H. Kaufman, and Richard E. Dwight, all of New York City, for receivers.

Charles D. Newton, Atty. Gen., for the State of New York.

John F. Collins, Asst. Corp. Counsel, of New York City, John P. O'Brien, Corp. Counsel, of Brooklyn, William P. Burr, Corp. Counsel, of New York City, and Joseph A. Storer, Asst. Corp. Counsel, for city of New York.

Francis G. Caffey, U. S. Atty., of New York City, for Commissioner and Collector of Internal Revenue.

C. J. Vert, of Plattsburg, N. Y., for First Nat. Bank of Plattsburg.

Olcott, Bonynge, McManus & Ernst, Irvine L. Ernst, Guthrie B. Plante, Selden Bacon, and Saul Myers, all of New York City, for Irving Nat. Bank.

Olcott, Bonynge, McManus & Ernst, Irving L. Ernst, and George C. De Lacy, all of New York City, for Irving Trust Co.

Olcott, Bonynge, McManus & Ernst and Irving L. Ernst, all of New York City, for American Surety Co.

Shearman & Sterling, of New York City, for Standard Gaslight Co. of City of New York and New Amsterdam Gas Co.

William W. Corlett, of New York City, for American Bridge Co.

House, Grossman & Vorhaus, of New York City, for Louis J. Levy and High Grade Holding Corporation.

Seligsberg, Lewis & Strouse and Irving L. Ernst, all of New York City, for Djorup & McArdle.

Katz & Sommerich, of New York City, for Lena Keller.

Thomas E. O'Brien, of New York City, for Thomas W. Conway.

Wm. P. Maloney, of New York City, pro se.

Arthur M. Lee, for Fannie Schlesinger.

Oscar Englander, of New York City, for Francis Hunter.

Timothy A. Leary and Henry T. Beckman, both of New York City, for Henry T. Beekman.

Pressinger & Newcombe, of New York City, for Robert W. Haff Realty Corporation.

Leonard Klaber, of New York City, for Thomas Hassett.

Albert L. Phillips, of New York City, for Clarke Bros.

Saul S. Myers, of New York City, for National Surety Co. and Farson Bros., Inc.

Frank Brevillier, for Milton Schnaier.

Samuel Riker, Jr., of New York City, for estate of Lavinia A. Burden.

Ernst, Fox & Cane, of New York City, for Matilda Hoykendorf.

Blandy, Mooney & Shipman, of New York City, for Grand Delancey Co.

Max Sheinart, of New York City, for James S. and Daniel L. Reardon.

HOUGH, Circuit Judge (after stating the facts as above). Perhaps the shortest way of stating the problem before the court is this: What reason is presented forbidding the present declaration of a dividend? I think no reason exists except the attitude of the United States, which has presented no claim and refuses to declare its intentions (if any it has) in the premises.

The relations of receivers, executors and other similar fiduciaries toward income taxes levied under the Constitution as affected by recent amendments is not a subject as yet much mooted in the courts.

One must regard first the taxing statute itself, and, second, any general legislation directed against or personally affecting the fiduciaries.

[1, 2] As to the statute itself, it must be admitted that in one sense the United States has no present claim—i. e., no presently provable claim—against these receivers, if the proceeds of the judgment against the city of New York are to be regarded as income of 1920. This necessarily follows from the fact that an income tax is not upon any specific sum of money, but is a personal tax, measured by sums of money received (or possibly accrued) to the person taxed during a certain period—i. e., the calendar year—and the year 1920 is not expired.

[3] Analogies are often misleading, yet I cannot but think the analogy of bankruptcy instructive. In bankruptcy it is clear law that a claim not due is not provable, and that a discharge is valid only against provable debts. Therefore, without having recourse to any of the statutes giving preference or priority to the United States, there is no claim presently existing on the part of the taxing power. It is therefore difficult for me to see how this court can at present consider the validity of a claim that does not legally exist.

The statute directed against fiduciaries to insure their preservation of the rights of the United States date back to the eighteenth century, and have been interpreted in numerous cases, none of which presents facts similar to the present. See Gould and Tucker's Notes to sections 3466, 3467, U. S. Rev. Stat., and notes in Comp. Stat. §§ 6372, 6373.

[4] My inference from these statutes and the decisions under them is that, while receivers are not mentioned by name or title, they are within the purview of the act. It is of course possible to read these statutes so narrowly as to say that they speak always of "debts due to the United States," and that, therefore, if a fund be distributed

when there is no debt actually due to the United States, the custodian of the fund cannot be held to a personal liability when the debt subsequently arises. But I cannot so read the statutes. There has been a great deal of judicial juggling with such words as "due" and "payable," and in a certain inchoate sense an income tax is due as soon as there is an income; but the tax is "solvendum in futuro," and it becomes payable only when the solution or assessment is accomplished. A fiduciary who hastened distribution before the due date of a tax, and then said, I have nothing to pay with, would, in my judgment, be personally responsible, and any court which facilitates such a distribution would be chargeable with judicial wrongdoing.

There is another inquiry germane to this case which seems to me to be answered for this circuit by In re Heller, 258 Fed. 208, 169 C. C. A. 276, viz.: If there is any income taxable or otherwise, whose is it? Is it the income of the corporation or the income of the receivers? In the case cited it was held that under the act of 1916 (section 13c [Comp. St. § 6336m]) only net income earned by a "trustee while operating the business of a bankrupt corporation" was taxable. In other words, if this money is income at all, it is the receivers' income, and not that of the corporation.

But the receivers are advised that the United States may settle, assess or levy a tax against them in the year 1921; wherefore if it is their income they are assuredly not justified in depriving themselves of the means of satisfying the demand of which they have notice.

While the contention of the creditors (who naturally want a dividend and want it now) is not put in exactly the following manner, I think it is substantially this, viz: That any demand for income tax payable out of the moneys presently in the hands of the receivers is so wholly without warrant of law and so contrary to every natural principle of justice that the court is authorized, if not required, to order a present distribution without regard to such a shadow of a legal shade as a demand for income taxes to be made next year.

This is an attractive proposition, because every piece of information or evidential element necessary for decision is in a sense presented on this motion. That is, it is known what the receivers have been doing, where they got the money from, what the money represents, and who are presently entitled to share in it.

[5] Consideration has been given to the cases cited by the creditors. In every one of them there is one thing present which is here absent, viz. a party legally to be required instantly to present his rights for adjudication; but in this instance what is really asked for is what in England (and I believe in New Jersey and other states) is called a "declaratory judgment." This means, as I take it, that one having no present demand presently enforceable, but who can be shown to be about to present a demand, as upon the extinction of a life interest or the like, can be compelled to come into court and have his future rights adjudicated. Experience has shown that this is a good thing, but it is not law in the courts of the United States nor those of New York, and very regretfully I am compelled to the opinion that this court is without present power to pass on the rights of the United

States as to any sum or sums of money received by these receivers in the year 1920 and asserted to be income by the taxing authorities of the United States. I can see no method of compelling the officers of the United States to declare a policy, give an opinion, make a promise, or obey an order in the premises until after the 15th day of March, 1921, at the earliest.

This is a serious matter for the creditors; it was the hope of the court that some assistance would be given in the distribution of this estate by the government. None has been given, nor do I perceive any immediate prospect thereof; and it is therefore ordered:

(1) That the receivers be instructed to declare no dividend herein until the further order of the court; and

(2) That they advise as far as possible the representatives of the creditors of this estate that the reason for this order is that the taxing authorities of the United States assert a demand substantially against this fund which is not legally capable of present adjudication except by consent, which consent has been withheld.

(3) The receivers are instructed to continue reasonable efforts to arrive at an adjustment or submission of this controversy, and to report from time to time to the court regarding their success or failure.

The foregoing is directed to be filed as an order. No other or more formal order is deemed necessary, and it is made without prejudice to any future, further, or similar proceeding.

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.