UNITED STATES v. CHICAGO & E. I. RY. CO.

(District Court, N. D. Illinois, E. D. April 12, 1924.)

No. 3408.

1. **Equity ⊕363—On motion to dismiss, only facts alleged in, or properly inferable from, bill considered.**

On a motion to dismiss, the facts alleged in the bill must be accepted as true, and the court cannot consider any statement made outside of the record or not properly inferable from the bill.

2. **Equity ⊕362—Bill not subject to dismissal because all relief sought cannot be granted.**

A bill may not be dismissed because complainant cannot be granted all the relief prayed for.

3. **Internal revenue ⊕25—Time for assessment of income and excess profits taxes held extended by later statute.**

Revenue Act 1916, § 9a (Comp. St. § 6336i), provides that in cases of "erroneous, false or fraudulent returns" the commissioner may make assessment of income and excess profits taxes at any time within three years after the return is made. Revenue Act 1921, § 250d (Comp. St.

Ann. Supp. 1923, § 6336⅛tt), provides that taxes due under prior acts may be assessed within five years after the return is filed, and that in case of a "false or fraudulent return, with intent to evade the tax," assessment may be made at any time. *Held*, that such provisions are effective to extend the time to five years for making assessment on an erroneous return made under act of 1916, though more than three years had elapsed after such return before passage of act of 1921.

4. **Internal revenue ⬡⟶7—Earnings may be subjected to income tax.**

The income from property operated by receivers may be subjected to income tax.

5. **Internal revenue ⬡⟶7—Income from property of corporation operated by receivers held subject to income tax.**

The income from property of a corporation which is being operated by receivers *held* subject to income tax under Revenue Act 1916, as amended, which by section 13c (Comp. St. § 6336m), requires receivers to make returns with respect to such property.

In Equity. Suit by the United States against the Chicago & Eastern Illinois Railway Company. On motion to dismiss bill. Denied.

This is a bill in equity to recover against the defendant additional income and excess profits taxes alleged to be due and owing to the United States and assessed against the receiver of Chicago & Eastern Illinois Railroad Company under section 10 and section 13 (c) of the Revenue Act of 1916 (Comp. St. §§ 6336j, 6336m), and section 4 and section 201 of the Revenue Act of 1917 (Comp. St. 1918, §§ 6336jj, 6336⅝b). The bill alleged, inter alia, as follows:

The railroad company was in 1913 placed in the hands of an operating receiver. Such receiver made return on March 25, 1918, for the taxable year of 1917, showing income tax due (which was paid) and no excess profits tax due. On April 21, 1921, a special master under order of court sold certain of the railroad property and assets of the railroad company to a purchasing or reorganization committee, acting for and in behalf of such stockholders of the railroad company who might later assist in the reorganization and financing of said railroad company as the defendant railway company. They afterwards conveyed the said property and assets to the railway company, and the receiver surrendered possession and control thereof to the defendant on January 1, 1922.

The defendant railway company, as part of the plan of reorganization, gave full-paid shares of its capital stock to the stockholders of the railroad company, who, in turn, surrendered to the railway company a like number of their shares in the railroad company and paid some additional money in furtherance of financing it. The receiver of the railroad company and the sureties on his bond were then discharged by order of court, entered in June, 1922. The railroad company was never dissolved, but was fully insolvent, and has wholly abandoned the objects and purposes of its organization, now retaining only its charter franchise, represented solely by its shares of stock, all or most all of which is now held and owned by defendant. After audit by the Commissioner of Internal Revenue of the above receiver's returns, an additional tax assessment was on March 8, 1923, made against him of both income and excess profits taxes.

The bill prayed for an adjudication that the amount of such additional taxes was due and owing from the railway company to complainant, and for a declaration of a tax lien of such amount found due upon so much of the property and assets (formerly of the railroad company) as had been transferred to it by such reorganization committee of the railroad company. On motion to dismiss bill.

S. Duffield Mitchell, Asst. Sol. Internal Revenue, of Washington, D. C. (Edwin A. Olson, U. S. Atty., and Geo. N. Murdock, Sp. Atty. Internal Revenue, both of Chicago, Ill., and Nelson T. Hartson, Sol. Internal Revenue, of Washington, D. C., on the brief), for the United States.

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Homer T. Dick, of Chicago, Ill., and Edward C. Craig, and Donald B. Craig, both of Mattoon, Ill., for defendant.

EVAN A. EVANS, Circuit Judge (after stating the facts as above). The very able oral argument, supplemented by the exhaustive briefs that have since been filed, makes it imperative for the court to briefly set forth its views and conclusions respecting the issues determinative of the controversy. I had at first concluded to merely announce my conclusions and hasten the case to the appellate court. The painstaking effort of counsel, however, would not justify such a summary disposition of the motion.

[1, 2] There is at least one argument made by counsel for defendant which must be disposed of without considering its merits. It is predicated upon facts which do not appear in the bill. Upon this motion to dismiss, the facts set forth in the complaint must be accepted as true. I cannot consider any statement made outside of the record or not properly inferable from the bill. It may be that the amount claimed exceeds the sum ultimately recoverable, and in fact it may even be conceded that the surtax cannot properly be assessed against a receiver. Nevertheless the bill should not be dismissed if, under any view of the facts alleged, a right to some recovery is shown. Likewise complainants may not be entitled to a lien upon defendant's property, yet if entitled to other equitable relief the bill cannot be dismissed merely upon the ground that all of the relief sought should not be granted.

This view of the bill disposes of certain very serious questions presented by defendant's counsel, and also makes it impossible for me at this time to express my opinion concerning their merits. Two questions of vital importance, however, are fairly presented upon this motion to dismiss. The first deals with the statute of limitations, and the second with the Revenue Act, by the terms of which alone the court must determine whether income of a railroad operated by the court through a receiver is subject to an income tax.

[3] The contention that the government's bill is barred by the statute of limitations, which on the oral argument appeared to be a very serious one, has finally been resolved against the defendant. Briefly stated, the defendant contends that the Revenue Act of 1916 fixed a three-year limitation period which, if it had remained in effect, would have barred the recovery sought in this suit. The act of 1919 (40 Stat. 1057) did not aid the government, because it was not retroactive. Shwab v. Doyle, 258 U. S. 529, 42 Sup. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454.

The government, however, contends that the act of 1921 (42 Stat. 227), extending the limitation to five years, was retroactive, and this extension was an authorized act of Congress. In Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483, the court said:

"We can see no right which the promisor has in the law which permits him to plead lapse of time instead of payment, which shall prevent the Legislature from repealing that law, because its effect is to make him fulfill his honest obligations."

Likewise it was held in that case:

"It may therefore very well be held that, in an action to recover real or personal property, where the question is as to the removal of the bar of the

statute of limitations by a legislative act * * * deprives the party of his property without due process of law."

The two foregoing statements unquestionably set forth the law, and we are merely confronted with a question of their application. The act of 1921 was not enacted until more than three years after the receiver filed his income tax return. Defendant contends that, inasmuch as complainant seeks to have its claim for $145,000 declared a lien upon property acquired by defendant subsequent to the making of the income tax return, it is violative of its vested rights to thus extend the time. The decision in McEldowney v. Wyatt, 44 W. Va. 711, 30 S. E. 239, 45 L. R. A. 609, seems to give some support to government's contention that the rule applicable to debtor and creditor applies to the government and a taxpayer, and that the statute of limitations may be enlarged by congressional enactment, notwithstanding the tax had been barred by lapse of time.

But it is unnecessary to determine the precise question presented by defendant so far as the lien is concerned. For plaintiff may be denied its lien and still be entitled to recover the amount of its tax, and such relief may be granted in this equitable suit, in view of the allegations respecting the relation of defendant and the railroad company that owned and operated the railroads prior to the foreclosure sale. It further appears that the act of 1916 above referred to was merely a time limitation upon the government's right to levy and collect taxes by *summary* proceeding, and was not intended to and did not limit the time in which it could proceed, in an action at law or a suit in equity (the necessary facts appearing), to collect the amount of its tax. United States v. Nashville, C. & St. L. Ry. Co., 249 Fed. 678, 161 C. C. A. 588; New York Life Ins. Co. v. Anderson (D. C.) 257 Fed. 576; United States v. Grand Rapids & I. Ry. Co. (D. C.) 239 Fed. 153; United States v. Minneapolis Threshing Mach. Co. (D. C.) 229 Fed. 1019; Dollar Savings Bank v. United States, 19 Wall. 227, 22 L. Ed. 80; King v. United States, 99 U. S. 229, 25 L. Ed. 373; United States v. Chamberlin, 219 U. S. 250, 31 Sup. Ct. 155, 55 L. Ed. 204; Clement Nat'l Bank v. Vermont, 231 U. S. 120, 34 Sup. Ct. 31, 58 L. Ed. 147. Furthermore, the time limitation of section 9a of the act of 1916 (Comp. St. § 6336i) contains the exception:

"In cases of refusal or neglect to make return, and in cases of * * * false or fraudulent returns."

Section 250 (d) of the act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt) contains a similar exception. Without referring specifically to the exhibits and reports attached to the complaint, it is sufficient to say that, on this motion to dismiss, the government has asserted facts which bring the case within the exception above noted. Sigman v. Reinecke et al., 297 Fed. 1005.

Was the income of a railroad operated by a receiver appointed in a foreclosure proceeding (here sought to be taxed) subject to the income tax law? To better determine the proper construction to be given to the effective act, it is necessary to first examine and compare the acts of 1909 (36 Stat. 11), 1913 (38 Stat. 166), 1916, 1917, 1918, and 1921.

Doubtless the most enlightening sections of these various acts are section 38 of the act of 1909, section 2 of the act of 1913, sections 10 and 13 of the act of 1916 (Comp. St. §§ 6336j, 6336m), section 4 and section 1206 (1), (2), of the act of 1917 (Comp. St. 1918, §§ 6336jj, 6336j), sections 230 and 239 of the act of 1918 (Comp. St. Ann. Supp. 1919, §§ 6336⅛nn, 6336⅛s), and the same sections of the act of 1921 (Comp. St. Ann. Supp. 1923, §§ 6336⅛nn, 6336⅛s).

[4] Defendant contends (1) that the income earned during the receivership could not be subjected to the income tax; and (2) it was not subjected to any income tax by the acts under consideration. The first contention is rejected upon the authority of Union Trust Co. v. Ill., etc., R. R. Co., 117 U. S. 434, 6 Sup. Ct. 809, 29 L. Ed. 963; Amer. Cas. Ins. Co.'s Case, 82 Md. 535, 34 Atl. 778, 38 L. R. A. 97; McFarland v. Hurley (C. C. A.) 286 Fed. 365; Liberty Central Trust Co. v. Gilliland Oil Co. (D. C.) 279 Fed. 432; Swarts v. Hammer, 194 U. S. 441, 24 Sup. Ct. 695, 48 L. Ed. 1060; Bright v. Arkansas, 249 Fed. 950, 162 C. C. A. 148; Wiswall v. Kunz, 173 Ill. 110, 50 N. E. 184; Coy v. Title Guar. & Trust Co., 220 Fed. 90, 135 C. C. A. 658, L. R. A. 1915E, 211; Bear River Co. v. Petoskey, 241 Fed. 53, 154 C. C. A. 53; Swarts v. Hammer, 120 Fed. 256, 56 C. C. A. 92; State of Ohio v. Harris, 229 Fed. 892, 144 C. C. A. 174.

[5] More serious is the urge that Congress did not impose a tax upon the incomes of corporations operated by a court through a receivership. The decisions in United States v. Whitridge, 231 U. S. 144, 34 Sup. Ct. 24, 58 L. Ed. 159, Scott v. West Pac. R. R. Co., 246 Fed. 545, 158 C. C. A. 515, In re Heller, 258 Fed. 208, 169 C. C. A. 276, Penna. Cem. Co. v. Bradley Contracting Co. (D. C.) 274 Fed. 1003, and Lathers v. Hamlin, 102 Misc. Rep. 563, 170 N. Y. Supp. 98, cited by defendant, are not controlling. The Whitridge Case dealt with the act of 1909; the Scott Case with the act of 1913.

It is worthy of consideration that Congress had the Whitridge decision and the Scott Case before it when the act of 1916 was enacted. In the face of this history, what effect can the court give to section 13 (c), which appears for the first time in our income tax law? It reads:

"In cases wherein receivers, trustees in bankruptcy, or assignees are operating the property or business of corporations, * * * subject to tax imposed by this title, such receivers, trustees, or assignees shall make returns of net income as and for such corporations, * * * in the same manner and form as such organizations are hereinbefore required to make returns, and any income tax due on the basis of such returns made by receivers, trustees, or assignees shall be assessed and collected in the same manner as if assessed directly against the organizations of whose businesses or properties they have custody and control."

Moreover, section 8 (c) of the act (Comp. St. § 6336h) provides that:

"Receivers * * * shall make and render a return of the income of the person, trust, or estate for whom or which they act, and be subject to all the provisions of this title which apply to individuals."

I cannot escape the conclusion that when the Congress, by section 1 (Comp. St. § 6336a), levied "upon the entire net income received in the preceding calendar year from all sources *by every individual, a citizen or resident* of the United States, a tax," etc., and by section 10 (Comp.

St. § 6336j) levied a tax upon "the total net income of every corporation," it was intended to include receivers of individuals and corporations. In fact, the question of congressional intent is hardly open to serious doubt, but defendant insists that Congress failed to enact such intention, and that another instance of omission such as was considered in Smietanka v. First Trust & Savings Bank (C. C. A.) 268 Fed. 230, Id., 257 U. S. 602, 42 Sup. Ct. 223, 66 L. Ed. 391, and United States v. Field, 255 U. S. 257, 41 Sup. Ct. 256, 65 L. Ed. 617, 18 A. L. R. 1461, is presented.

I cannot reach any other conclusion than that Congress, in amending the 1916 act in the respects heretofore mentioned, enlarged the definition of the individuals and the corporations against which the tax was levied by sections 1 and 10 of the act to include receivers of such individuals and corporations.

Other contentions are seriously made, which do not call for elaborate discussion. They are disposed of by the observation that the bill does not permit of their consideration. It seems to me that the allegations of the bill sufficiently connect the defendant with the company whose affairs were conducted by the receiver to hold it for the sum sought.

The motion to dismiss is denied, and defendants are directed to answer the complaint within 20 days hereof.