## FIRST TRUST & SAVINGS BANK v. SMIETANKA, Internal Revenue Collector.

(Circuit Court of Appeals, Seventh Circuit.   October 5, 1920.)

### No. 2743.

1. **Statutes ⟨⟩245—Tax law construed in favor of taxpayer.**

All doubts concerning the scope and meaning of a tax law are to be resolved in favor of the taxpayer.

2. **Internal revenue ⟨⟩7—Accumulation not taxable, where ultimate recipients not in esse.**

Prior to amendatory act of September 8, 1916, where a decedent's estate produces an increment payable only at times and to persons not presently determinable, such increment was not, during a tax year, income of that tax year, assessable under Internal Revenue Act Oct. 3, 1913.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by First Trust & Savings Bank, trustee under the last will and testament of Otto Young, deceased, against Julius F. Smietanka, as collector of Internal Revenue for the First District of Illinois. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

John P. Wilson, of Chicago, Ill., for plaintiff in error.

Charles F. Clyne, of Chicago, Ill., and A. L. Boulware, of Washington, D. C., for defendant in error.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

BAKER, Circuit Judge. Plaintiff in error, as trustee under the will of Otto Young, filed a declaration to recover income taxes assessed against the estate under the Internal Revenue Act of October 3, 1913 (38 Stat. 167), and paid under protest. A general demurrer was sustained, and judgment for costs followed.

Otto Young's will, after disposing of portions of the income during the lives of his widow and four daughters and until his youngest surviving grandchild should attain the age of 21, provided:

"6. When the last survivor of my daughters shall have deceased and the youngest surviving child of my daughters shall have attained the age of twenty-one years, all of said trust estate then remaining in the hands of said trustee shall be divided in equal shares between my grandchildren, the surviving issue of any deceased grandchild to receive the share which such deceased grandchild would have been entitled to receive if then living.  *  *  *  The excess, if any, of the income of said trust estate, over and above the payments hereinbefore provided to be made therefrom, shall be accumulated in the hands of said trustee and form a part of said trust estate, subject to the

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

like control and power of disposition on the part of said trustee as the principal of said trust estate."

If a decedent's estate produces an increment which is payable only at times and to persons not now determinable, is such increment during a tax year an income of that tax year, which is assessable under the Internal Revenue Act of October 3, 1913? Provisions essential to the answer are as follows:

Paragraph A, subd. 1: "There shall be levied * * * and collected annually [a tax] upon the entire net income * * * accruing from all sources in the preceding calendar year

"[1] To every citizen of the United States, whether residing at home or abroad, and

"[2] To every person residing in the United States, though not a citizen thereof, * * * and

"[3] A like tax * * * upon the entire net income from all property owned and of every business, trade, or profession carried on in the United States by persons residing elsewhere."

Paragraph A, subd. 2: "In addition to the income tax provided under this section (herein referred to as the normal income tax) there shall be levied * * * and collected upon the net income of every individual an additional income tax of * * *"

Paragraph B: "Subject only to such exemptions and deductions as are hereinafter allowed, the net income of a taxable person shall include * * * income * * * growing out of * * * interest in real or personal property * * * and income derived from any source whatever."

Paragraph D: "Guardians, trustees, * * * and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals."

Paragraph E: After providing for withholding the normal tax at the source, and making various requirements concerning returns and assessments, this paragraph continues: "The tax herein imposed upon annual gains, profits, and income not falling under the foregoing and not returned and paid by virtue of the foregoing, shall be assessed by personal return, under rules and regulations to be prescribed by the Commissioner of Internal Revenue and approved by the Secretary of the Treasury."

Paragraph G (a): "The normal tax hereinbefore imposed upon individuals likewise shall be levied * * * upon the entire net income * * * accruing from all sources during the preceding calendar year to every corporation, joint-stock company or association, and every insurance company, organized in the United States, no matter how created or organized, not including partnerships."

[1] Inasmuch as all persons and property within the jurisdiction of a sovereignty are subject to taxation, and since the property cannot speak and the persons have no direct voice in wording the tax laws, it is a fundamental duty of the law-givers to make the scope of a tax law definite and its meaning clear; and therefore all doubts respecting scope and meaning are to be resolved in favor of the taxpayer. Treat v. White, 181 U. S. 264, 21 Sup. Ct. 611, 45 L. Ed. 853; Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211.

[2] By citing this rule we do not imply that there is in the act of 1913 an ambiguity which must be construed against the government. In our judgment nothing could be clearer than the absence of any legislative intent to tax a property increment which during the tax year

had no owner in being who received or was entitled to receive any of such increment. Paragraph A lays a tax each year upon the net income accruing in the preceding calendar year. Paragraph B defines net income as that which comes in from any interest in real or personal property and from any other source whatever. Subdivision 1 of paragraph A and paragraph G (a) condition the levy upon the fact that the income, either actually or potentially, and with full right of immediate disposition, comes into the hands of either a citizen, wherever resident, or a person who is a resident, but not a citizen, or a person who is neither a citizen nor a resident, but who owns property or carries on business here, or a corporation, joint-stock company, or association, or insurance company, organized in this country.

Otto Young's estate consists, say, of a great commercial building in a great commercial city; the net rentals, after payment of insurance, local taxes, maintenance and operation, exceed the amount required by the trustee to pay the annuities to the widow and children; at some remote period the estate as it may then exist is to be turned over to persons now unknown, possibly not now in existence; and in the meantime the estate is growing in value by reason of the rise in real estate and also by the accumulation of rentals. But neither the real estate as valued at Young's death, nor the increase in value, nor the accumulation of rentals, is a citizen or person or corporation, joint-stock company or association, or insurance company, mutual or stock. In no calendar year preceding a levy was there any sort of being to whom the trustee could pay or account for the accumulations of rentals. Paragraph D of course did not lay upon the trustee the duty of returning these accumulations as part of its own income. That paragraph required the trustee to report what it received for another who, if acting in his own behalf, would be called upon to show what he had received or was entitled to receive, with full power of immediate disposition, during the preceding calendar year. Paragraph E, the only other part of the act referred to by government counsel, plainly adds nothing to the "tax imposed," but is concerned only with methods of administration.

Our reading of the act accords with the many and uniform rulings of the Treasury Department from the passage of the act down to July 26, 1915. Treas. Dec. No. 1906, issued November 28, 1913; Income Tax Regulations No. 33, articles 70, 71, 74 and 75, issued January 5, 1914; Treas. Dec. No. 1943, issued February 4, 1914; Treas. Dec. No. 2090, issued December 14, 1914; Rulings on January 15 and 30, and February 9 and 27, 1915, in Income Tax Service 1915 on pages 379, 396, 426, 438; and the opinion of the Attorney General rendered to the Treasury Department on February 12, 1914, in income Tax Service 1914 at page 260.

In Treas. Dec. No. 2231, issued July 26, 1915, the Department declared that—

"Any part of the annual income of trust estates not distributed becomes an entity and as such is liable for the normal and additional tax, which must be paid by the fiduciary. When the beneficiary is not in esse and the income of the estate is retained by the fiduciary, such income will be taxable to the

estate as for an individual and the fiduciary will pay the tax both normal and additional."

This ruling was the cause of the present and other similar suits. It illustrates the not unnatural tendency of tax officers to increase the revenues by implications and strained constructions. The department's first rulings were in harmony with the natural import of the language used by Congress; its later ruling does more than violate the canon that doubts and ambiguities are to go against the government, for it is based, not upon any uncertainty in the terms of the act, but upon a metamorphosis of a body of property into a person, and upon exactions contrary to the exemptions in the act of 1913. If the unascertained residuary legatees were now at hand to receive from the trustee the accumulations of the preceding calendar year, they might be such in number as that nothing but the normal tax on the share of each in excess of his personal exemption could be assessed; but the department, by converting an estate into a personal entity, cuts off all personal exemptions and by adding the shares together subjects each share to the rates of surtaxes that are calculable on the sum total. If the residuary legatee were a charitable or educational institution, the department's method would add to the detriment due to the testator's postponement of the benefit the taxes and surtaxes throughout the period of postponement. Congress recognized that such alterations and amendments were legislative and passed the amendatory act of September 8, 1916 (39 Stat. 756), levying a tax upon undistributed income added to the principal of trust estates.

The judgment is reversed, and the cause remanded for further proceedings in consonance with this opinion.