SMIETANKA, AS COLLECTOR OF INTERNAL REVENUE OF THE UNITED STATES FOR THE FIRST DISTRICT OF ILLINOIS, v. FIRST TRUST & SAVINGS BANK, TRUSTEE OF YOUNG, DECEASED.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 540. Argued January 19, 1922.—Decided February 27, 1922.

1. The Income Tax Act of 1913 made no provision for taxing income held and accumulated by a trustee for unborn and unascertained beneficiaries. P. 605.

2. *Semble* that the specific inclusion of such income by the Act of 1916 was a legislative interpretation of the earlier act as not including it. P. 607.

Affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a judgment of the District Court for the present respondent, in an action to recover a tax. The District Court had first sustained a demurrer to the declaration, but later, pursuant to a mandate of reversal, (see 268 Fed. 230), overruled it, and rendered judgment against the present petitioner, who stood upon the demurrer. The case then went again to the court below and the judgment was affirmed.

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* and *Mr. Charles H. Weston,* Special Assistant to the Attorney General, were on the brief, for petitioner.

*Mr. John P. Wilson,* with whom *Mr. William B. Hale* and *Mr. Walter Bruce Howe* were on the brief, for respondent.

MR. CHIEF JUSTICE TAFT delivered the opinion of the court.

The question presented for decision is whether, under the Income Tax Law of 1913, income held and accumulated by a trustee for the benefit of unborn and unascertained persons was taxable. The accumulations of income were $789,905.65 for the years 1913, 1914 and 1915, and the tax collected by the petitioner as Collector, and paid under protest by the trustee, the respondent, amounted to $36,638.69. Respondent brought suit for this sum against the petitioner in the District Court for the Northern District of Illinois, and judgment was rendered against it on demurrer to the declaration. The

judgment was reversed by the Circuit Court of Appeals, 268 Fed. 230. The District Court then overruled the demurrer and, the petitioner electing not to plead further, rendered a judgment for the respondent, which was affirmed by the court below on a second appeal. As this case arises under the revenue laws and the judgment of the Circuit Court is final (§ 128 of the Judicial Code), certiorari issued under § 240 of the Code.

The income tax here in question was provided for in "An Act To reduce tariff duties and to provide revenue for the Government, and for other purposes", enacted October 3, 1913, c. 16, 38 Stat. 114, and is embodied in § II of that act (pages 166, *et seq.*). The tax is imposed by par. A, subd. 1. It levies a normal tax of one per cent. upon the entire yearly net income arising from all sources accruing to every citizen of the United States and to every person in the United States residing there. In subd. 2, an additional or surtax is levied on the net income of every individual. Under par. G, the normal tax imposed on individuals is extended to corporations. Paragraph B defines the net income of individuals and specifies the deductions. Paragraph D makes provision for returns by persons and then says:

" Guardians, trustees, executors, administrators, agents, receivers, conservators, and all persons, corporations, or associations acting in any fiduciary capacity, shall make and render a return of the net income of the person for whom they act, subject to this tax, coming into their custody or control and management, and be subject to all the provisions of this section which apply to individuals."

Paragraph E provides that, among others, all lessees or mortgagors of real or personal property, trustees acting in any trust capacity, executors, administrators, agents, receivers, conservators, having control, receipt, custody, disposal or payment of annual gains, profits and income

of another person, exceeding $3,000 for any taxable year, who are required to make return in behalf of another, shall deduct the normal tax on the income and pay it to the United States, and they are each made personally liable for such tax. It is further declared that these payments of the tax at the source shall only apply to the normal tax thereinbefore imposed on individuals.

It is obvious from a reading of the statute, the relevant provisions of which we have summarized, that Congress was seeking to require fiduciaries to make return and pay the normal tax due from persons subject to the tax on such income as the fiduciaries were receiving for such persons. There was nowhere in the act a payment required of the fiduciary of a tax upon the income of the estate or trust property, the income from which he collects, except as it is to enure to the benefit of a person or an individual from whose income he is authorized and required to deduct the normal tax thereon. There must have been a taxable person for whom the fiduciary was acting to make the provisions relied upon by the Government applicable. There was no provision for the payment " at the source " by the fiduciary of anything but the normal tax. It was intended that the additional or surtax should be paid by the *cestui que trust.* Here there was no *cestui que trust* to pay a surtax.

No language in the act included a tax on income received by a trustee by him to be accumulated for unborn or unascertained beneficiaries. There was indicated in the taxing paragraph A the congressional intention to tax citizens everywhere, and non-citizens, resident in the United States, including persons, natural and corporate, on income from every source less allowed deductions. But nowhere were words used which can be stretched to include unborn beneficiaries for whom income may be accumulating. It may be that Congress had a gen-

eral intention to tax all incomes whether for the benefit of persons living or unborn, but a general intention of this kind must be carried into language which can be reasonably construed to effect it. Otherwise the intention can not be enforced by the courts. The provisions of such acts are not to be extended by implication. *Treat v. White,* 181 U. S. 264, 267; *United States v. Field,* 255 U. S. 257; *Gould v. Gould,* 245 U. S. 151, 153.

The Treasury Department did not attempt, for two years, to collect tax on income of this character. This was in accord with the ruling of Deputy Commissioner of Internal Revenue Speer, dated February 9, 1915, published by the Department (Corporation Trust Co. Income Tax Service 1915, p. 426). He held that " the income tax can be levied only on such income as is payable to some natural or artificial person subject to the provisions of the law."

Subsequently this ruling was changed and the Commissioner of Internal Revenue held that " when the beneficiary is not *in esse* and the income of the estate is retained by the fiduciary, such income will be taxable *to the estate as for an individual,* and the fiduciary will pay the tax both normal and additional." *Id.,* p. 493.

This seems to us to graft something on the statute that is not there. It is an amendment and not a construction, and such an amendment was made in subsequent income tax laws as we shall see.

Counsel for the Government cite the case of *Merchants'. Loan & Trust Co. v. Smietanka,* 255 U. S. 509, to support their contention. It does not do so because it deals with an amendment of the provision here under discussion. The issue there was the legality of an income tax levied against a trustee for income received by him under a testamentary trust to pay the net income to the widow for life and afterwards to the chil-

dren. It was held that the trustee was a taxable person under the Act of October 3, 1917, c. 63, 40 Stat. 331, which required trustees to render a return of the income for the person, *trust, or estate* for whom or which they act.

The Act of September 8, 1916, c. 463, 39 Stat. 757, specifically declared that the income accumulated in trust for the benefit of unborn or unascertained persons should be taxed and assessed to the trustee. It is obvious that, in the acts subsequent to that of 1913, Congress sought to make specific provision for the *casus omissus* in the earlier act.

This case is not unlike that of *United States* v. *Field,* 255 U. S. 257. The Revenue Act of 1916 imposed a tax on the estate of a decedent at the time of his death. The Government sought to tax property passing under a decedent's testamentary execution of a general power of appointment. It was held that, while in equity property passing under such a power might be. treated as assets of the donee for the use of his creditors if executed in favor of a volunteer, it was not subject to distribution as part of the estate of the donee and was not taxable. In the later act, such property was expressly included. This was thought by the court to show at least a legislative doubt whether the earlier act included such property. This court said (p. 264) that it would have been easy for Congress to express a purpose to tax such property but it had not done so. In the Act of 1913, it would have been easy to require a trustee to pay an income tax on income received by him for unborn beneficiaries or for the trust or the estate. But Congress did not do so. In the next act, it did so. We can not supply the omission in the earlier act.

The judgment of the Circuit Court of Appeals is

*Affirmed.*