## UNITED STATES v. CARROLL CHAIN CO.

(District Court, S. D. Ohio, E. D. July 16, 1925.)

No. 2326.

**1. Taxation ⟜204(2)—Presumption in taxation statutes against exemption of any property not specifically exempted, or inclusion of any property not specifically included.**

In all taxation statutes there is a presumption against exemption of any property or income from taxation, unless right to exemption specifically appears, and an equally strong presumption in favor of equality of distribution of tax burden, and against inclusion of any property within tax, unless inclusion specifically appears from act.

**2. Statutes ⟜245—Taxation statutes construed in favor of taxpayer and against government.**

Taxation statutes are to be strongly construed in favor of taxpayer and against the government.

**3. Internal revenue ⟜2—In taxation statutes, Congress must in clear and concise language state what property is taxable.**

In taxation statutes, Congress must in clear and concise language state what property is taxable.

**4. Internal revenue ⟜7—First taxable year of new corporation, adopting July 1 to June 30 as fiscal year, held to be from date of entering business to June 30.**

Where a new corporation entered business November 1, 1921, and adopted as its fiscal year July 1 to June 30, the first taxable year is from November 1, 1921, to June 30, 1922, under Revenue Act 1921, § 204(b), being Comp. St. Ann. Supp. 1923, § 6336⅛cc, providing for deduction of losses from any taxable year from income of succeeding taxable year, notwithstanding section 200 (Comp. St. Ann. Supp. 1923, § 6336⅛a).

8 F.(2d)—34

**5. Internal revenue ⟜7 — Term "fiscal," in Revenue Act, held to be substitution of word "calendar" as period of accounting.**

Under Revenue Act 1921, § 200 (Comp. St. Ann. Supp. 1923, § 6336⅛a), the fiscal year is simply a substitution of word "fiscal" for "calendar" as a period for accounting, both of which constitute 12-month periods.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Calendar Year; Fiscal Year.]

**6. Internal revenue ⟜7—Corporation adopting fiscal year of July 1 to June 30 held entitled to deduction of losses for first year from date of entering business to June 30 from income of succeeding year.**

A corporation, organized November 1, adopting as fiscal year July 1 to June 30, is entitled to a deduction of losses suffered from November 1 to June 30 from income of succeeding taxable year, under Revenue Act 1921, § 204(b), being Comp. St. Ann. Supp. 1923, § 6336⅛cc, in view of presumption that burden of taxation falls equally and ratably on all taxpayers.

**7. Constitutional law ⟜209—Equal protection of the law means the protection of equal laws.**

Equal protection of the law means the protection of equal laws.

Petition on appeal by the United States from a decision of the Board of Tax Appeals, allowing the Carroll Chain Company to deduct certain losses from income. Judgment for defendant on demurrer to plaintiff's petition.

This cause came on for hearing upon general demurrer to plaintiff's petition on appeal from the decision of the Board of Tax Appeals, which allowed the defendant to deduct from earnings for the fiscal year July 1, 1922, to June 30, 1923, the losses which had been suffered between November, 1921, and June 30, 1922.

The defendant company was organized in the summer of 1921, and adopted the period from July 1 to June 30, inclusive, as its fiscal year for income tax purposes. Operations commenced about November 1, 1921, and during the period between November 1, 1921, and June 30, 1922, the company lost about $8,000. During the next fiscal year, following June 30, 1922, the company earned approximately $5,000. The sole question was whether, under section 204 (b) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛cc), the loss suffered during the first eight months of the company's existence could be deducted from the earnings during the following fiscal year, so as to establish absence of liability for tax under the act of 1921.

Haveth E. Mau, U. S. Atty., of Cincinnati, Ohio, and A. W. Gregg, Sol. Internal Revenue, of Washington, D. C. (Floyd F. Toomey, of Washington, D. C., and George G. Witter, of Missoula, Mont., of counsel), for the United States.

W. B. McLeskey, of Columbus, Ohio, for defendant.

At the close of the argument the court rendered the following opinion from the bench:

HICKENLOOPER, District Judge. This matter is so very clear in the court's mind at this time that I see no very substantial reason for postponing the giving of my opinion to counsel, nor for the delay and trouble incident to the preparation of a more detailed opinion in the case. What I am saying now is being taken down, and it will be sufficient for the needs of the government in prosecuting appeal or error proceedings, and what the government really cares for is not the opinion of the District Court, but the opinion of the Circuit Court of Appeals and possibly of the Supreme Court.

[1] While it is unquestionably so that in all taxation statutes there is a presumption against exemption of any property from taxation, or, to express it affirmatively, that all property is subject to taxation, in this case all income subject to taxation, unless the right to exemption or deduction specifically appears, yet there is an equally strong presumption in favor of the equality of distribution of tax burden, and against the inclusion of any property within the tax unless such inclusion specifically appears from the act. In other words, it must first specifically appear that the property is taxed, and if, after that specific provision, an exemption from taxation is claimed, such right to exemption must affirmatively appear from the taxing statute.

[2, 3] The sum and substance of these principles of law, as well as the well-known principle that tax statutes are to be most strongly construed in favor of the taxpayer and against the government, the sum and substance of these is simply that Congress must in clear and concise language state what property is taxable; and we are concerned primarily with whether the act of 1921 so expresses an intent. We are not concerned with any secret intent Congress may have had, not expressed in the act; we are not concerned with any intent which they might have had. We are concerned simply with the construction of the language used.

[4] Section 204 (b) of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛cc) provides:

"If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year. * * * *"

Under the circumstances of this case, and applying that to the specific facts of a new corporation entering into business and adopting as its fiscal year the period from July 1 to June 30, inclusive, and entering into business in November, I believe was the time stated, the first taxable year, as mentioned in that section, is to the court quite clearly, emphatically, and unequivocally the period from November, 1921, to June 30, 1922; that is, for all purposes of the application of that section, it is so manifest, so clear, that that is the taxable year mentioned, and that is the taxable period meant, that the court does not feel the matter open even to serious controversy.

It is suggested by counsel for the government that by juggling and annual change in the fiscal year it would be possible for a corporation to avoid the payment of taxes rightly due. It is sufficient to say that in this case we have no such situation, and that if there did arise a case of willful evasion of tax obligations through use of the fiscal year, the court could unquestionably deal with that in a manner which would be fair both to the government and the corporation. That question does not arise here, and is not taken as a serious reason for holding otherwise than as we do.

[5] It is suggested that section 200 of this act (Comp. St. Ann. Supp. 1923, § 6336⅛a) defines the term "taxable year" as meaning the calendar year, or the fiscal year ending during such calendar year, on the basis of which the net income is computed under section 212 (Comp. St. Ann. Supp. 1923, § 6336⅛f) or section 232 (Comp. St. Ann. Supp. 1923, § 6336⅛oo), and that it then defines the term "fiscal year" as meaning "an accounting period of twelve months." For all intents and purposes of the act, the fiscal year is a period of 12 months, but that does not to my mind prevent the taxable year from including so much of the fiscal year as falls within it. The fiscal year is from July 1 to June 30, inclusive, of each year; the first taxable year is so much of

that fiscal year as falls within the first year of existence of the corporation. This is illustrated by the analogy to the calendar year. Section 200 provides that the tax year shall be the calendar year. If no fiscal year be established, but a corporation be in existence only nine months of the calendar year, certainly that nine months is the first taxable year of the corporation's existence. The fiscal year is simply the substitution of the word "fiscal" for "calendar," the adoption of a period of accounting, and both the calendar year and the fiscal year constitute 12 months periods. To say that the taxable year shall be such part of the calendar year as the corporation has been in operation, but cannot be such part of the fiscal year as the corporation has been in operation, is to show a clear and distinct inconsistency.

[6, 7] Giving effect to the presumption that the burden of taxation should fall equally and ratably upon all taxpayers, that equal protection of the law means the protection of equal laws, and that it cannot be presumed that it was intended to tax one taxpayer at a much higher and more burdensome rate than it was intended to tax others, we are driven to the construction that the defendant in this case was entitled to the deduction it claimed, not by reason of any implication, which we cannot make (we cannot read into the tax law a right to deductions or exemptions not specifically there appearing), but that it was entitled to the deduction claimed by it by reason of the express and emphatic provisions, as the court sees them, of the law.

That being the opinion of the court, there would seem to be no advantage in detailed consideration of authorities which the court does not consider as bearing upon the question of statutory construction at all. The case of Smietanka v. First Trust & Savings Bank, 257 U. S. 602, 42 S. Ct. 223, 66 L. Ed. 391, cited to the court as an authority bearing upon the question, in the opinion of the court has no legitimate weight as an authority upon the question here decided. The sum and substance of the holding there, as presented to the court, was that, if there be an omission to tax any specific type of property, the government cannot supply that omission by implication. This is but another way of expressing the doctrine, which the court has already announced, that the tax law must first levy the tax in clear and concise terms, or clear and express terms, before the property can be subjected to the tax. The case is cited, however, as showing that it will be presumed from the enact-

ment of 1924 expressly allowing this exemption as to corporations operating for less than the entire fiscal or calendar year, that from such enactment the intention of Congress clearly appears that in the 1921 act no such exemption was intended, and that we must now apply the doctrine of executive construction of an act, because the provision of section 204 (b) was carried from the 1918 act (Comp. St. Ann. Supp. 1919, § 6336⅛cc) into the 1921 act.

In reference to the first contention that the case of Smietanka v. First Trust & Savings Bank, supra, demonstrates an intent not to allow the deduction of losses in 1921, because such deduction was specifically and expressly provided for in 1924, the court does not feel that the case has that necessary effect. Where the executive departments have placed a construction upon statutory enactment contrary to the intent of the legislative branch of the Government, it is a matter of prudence, and not of prejudice, to modify the legislative enactment, in order to make it emphatically accord with the intent of the legislators. That is all that was done here. There was no omission in the act of 1921 as there was in the case of Smietanka v. First Trust & Savings Bank, supra. All property was taxed; the right of exemption was given; there was no clear omission which was supplied, either as to taxation or as to exemption, which makes the case cited an authority to the contrary.

As to the administrative construction of the legislative enactment, the court is quite clear that the construction placed upon this enactment is not shown to have been so public, so well known to Congress, so open and notorious, as to constitute an estoppel, as it were, upon the part of the taxpayer, or so definite acceptance of the executive and administrative construction by Congress as to foreclose the question at the present time. When this case arose in the administrative and executive departments, it was contested from the first by the taxpayer. The question of the 1921 tax was brought for the first time, as I understand counsel, to the Board of Tax Appeals in October, 1924. It is to be assumed, either that no case arose under the 1918 act, or, if it did arise, it was adjusted, or, if not adjusted, at least it never came to the Board of Tax Appeals. When this case came to the Board of Tax Appeals, it was promptly decided—I say "promptly" advisedly; it was submitted on October 13 and decided October 30—against the government's contention. That was in the fall of 1924. At no time did the appellate machin-

ery of the administrative departments approve the ruling here sought to be approved, so as to give to such ruling the stamp of final executive and administrative construction. The court is clearly of the opinion that we are not constrained, by reason of such executive and administrative construction, to give to the language of the statute the forced construction which we think it will bear, only with considerable strain. The demurrer will be sustained, and exceptions noted.

I assume, the plaintiff not caring to plead further, the judgment may be rendered upon the demurrer in the usual course, making an artistic and very short record for appellate consideration.