**WRIGHT & KREMERS, Inc., v. UNITED STATES.**
**No. M–142.**

Court of Claims.
June 5, 1933.

LITTLETON, Judge.

The question in this case is whether a net loss sustained by plaintiff for its first taxable period, July 1 to December 31, 1919, is deductible from income for the calendar year 1920 under the net loss provisions of section 204 (b) of the Revenue Act of 1918. The Commissioner of Internal Revenue denied the deduction of the 1919 net loss from 1920 income on the ground that plaintiff's first taxable period of six months after its incorporation was not a "taxable year," and that, in order for a net loss to be deductible, it must be a loss sustained for a full twelve-month period. Counsel for defendant contends that (1) the net loss for 1919 has not been established; (2) if it has, plaintiff does not come within the terms of section 204 of the Revenue Act of 1918 (40 Stat. 1061), for the reason that it was not in existence and had no net income for 1918, and that a net income for 1918 is a condition precedent to a right to a deduction from 1920 income; and (3) the suit was not instituted within the time required by law, and is therefore barred by the statute of limitation.

The facts establish that there was a net loss of $11,623.83 for 1919, and also that the suit was timely instituted because the Commissioner, upon application of the plaintiff, reopened and reconsidered his first decision disallowing the claim for refund. This suit was instituted within two years after the final decision by the Commissioner disallowing the claim. See J. E. Ervine & Co. v. United States (Ct. Cl.) 3 F. Supp. 334, decided May 8, 1933.

Plaintiff adopted and filed its returns on a calendar year basis, as it was authorized to do under the statute, and we think it is clear that the period from the date of plaintiff's incorporation to the end of the calendar year was its first "taxable year" within the meaning of section 200 of the Revenue Act of 1918 (40 Stat. 1058). This is the view that has been taken of this question in all of the decided cases. Carroll Chain Co., 1 B. T. A. 38, affirmed United States v. Carroll Chain Co. (D. C.) 8 F.(2d) 529; Pennsylvania Chocolate Co. v. Lewellyn (D. C.) 27 F.(2d) 762; Stimpson Computing Scale Co. v. Lucas (D. C.) 39 F.(2d) 473, 476; Patapsco Ballast Co., 1 B. T. A. 1081; Lynch Construction Co., 3 B. T. A. 313; Purity Oats Co., 4 B. T. A. 585; Durabilt Steel Locker Co., 5 B. T. A. 239, and Bruner Woolen Co., Inc., 6 B. T. A. 881. The aforementioned decisions have been acquiesced in by the Commissioner of

William P. Smith, of Washington, D. C. (G. E. Holloway, on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

Internal Revenue, and no appeal was taken from any of them.

We are of opinion that the purpose of section 204 of the Revenue Act of 1918 was to provide relief for taxpayers against net losses sustained in 1919 because of the termination of the war in November, 1918, rather than to provide alone for relief against higher taxes for 1918. It was a relief or remedial provision of material benefit to taxpayers, and, under the well-established principle of statutory construction, should be applied to promote the relief which it was designed to afford. The section relates to net losses sustained between October 31, 1918, and January 1, 1920, and, instead of providing that such net loss should be deductible only from net income for the preceding taxable year, in 1918, it provided that, "if such net loss is in excess of the net income for such preceding taxable year, the amount of such excess shall * * * be allowed as a deduction in computing the net income for the succeeding taxable year." This language we think negatives the idea that a taxpayer who had a net loss for 1919 must have been in existence and had a net income for 1918 before a deduction can be taken "in computing the net income for the succeeding taxable year." Where the taxpayer had no net income for 1918 or was not in existence during that year, it seems evident that the amount to be "allowed as a deduction in computing the net income for the succeeding taxable year" is the amount of the net loss for 1919. We think the court in Stimpson Computing Scale Co. v. Lucas, supra, laid down the correct rule when it said: "The defendant contends that it was the purpose of this act to relieve against the heavy taxes of 1918. I cannot agree with this contention. It seems perfectly clear to me that the purpose of the law was to furnish some relief from losses which Congress knew would inevitably be sustained during the period extending from October 31, 1918, to January 1, 1920, as the result of the sudden termination of World War hostilities. The most logical way for Congress to grant relief against this situation was to allow this loss to be used as a deduction from the net income for other taxable years. * * * As an evidence, however, that the purpose of Congress was to provide relief against the loss sustained in 1919, rather than to afford relief against the high taxes of 1918, it was provided that any net loss of 1919 in excess of the net income for 1918 might be deducted from the net income of the taxable year 1920. It will thus be observed that the central idea was to provide some means for absorbing the loss of 1919." In Swift & Co. v. United States, 38 F.(2d) 365, 69 Ct. Cl. 171, this court held that, where a company sustained a net loss for 1919, and also had sustained a net loss for 1918, the 1919 net loss was nevertheless a proper deduction in computing net income for the succeeding taxable year 1920. The Board of Tax Appeals March 23, 1925, in Butler's Warehouses, Inc., supra, first held that: "The statute itself contains much intrinsic evidence to the effect that it was the intention of Congress merely to permit a taxpayer who had made large profits in 1918 and was subject to the high tax rates of that year to obtain the benefit of the deduction of a net loss," but this rule seems to have been abandoned by the Board in The Suburban Investment Co., 1 B. T. A. 1121, decided May 8, 1925, wherein the Board held that, although where there was no income for 1918, the taxpayer could deduct the entire amount of its 1919 net loss in computing net income for 1920. The Commissioner of Internal Revenue acquiesced in this decision, and in two decisions by the Commissioner, O. D. 431, 2 C. B. 59, a deduction of the entire net loss for 1919 was allowed in 1920 where there was no net income for the preceding year; in G. C. M. 5457, VIII–1 C. B. 157, the deduction of a 1923 net loss was allowed from 1925 income where there was no net income for 1924.

We are of opinion that plaintiff is entitled to a deduction of the 1919 net loss from 1920 income and judgment in its favor for the overpayment of $3,157.54, with interest, as provided by law, will be entered. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness and took no part in its decision.