C. C. BRADLEY & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112107.   Promulgated August 12, 1943.

*Laurence Sovik, Esq.*, for the petitioner.
*Francis S. Gettle, Esq.*, for the respondent.

#### OPINION.

ARUNDELL, *Judge*: The Commissioner determined deficiencies in income tax for the calendar years 1939 and 1940 in the respective amounts of $353.02 and $485.50. The deficiencies resulted from an adjustment of depreciation claimed for each year and the disallowance of a bad debt in 1940. The correctness of these adjustments is not

disputed. The only question is whether petitioner, which was in receivership during the tax years, is liable for the deficiencies, the Commissioner having filed no claim therefor in the receivership proceedings. The facts are stipulated.

Petitioner was incorporated under the laws of New York on November 1, 1928. On February 22 1932. receivers of all of petitioner's properties were appointed by the District Court of the United States for the Northern District of New York, in an equity proceeding entitled "The Sawhill Manufacturing Company, Inc. against C. C. Bradley & Son. Inc." In appointing the receivers the court found that petitioner had assets in excess of its debts but that it was unable to meet its matured and maturing indebtedness. The receivers took possession, management, and control of petitioner's business pursuant to direction of the court authorizing them to continue to carry on such business.

On March 28, 1941, petitioner filed a petition for arrangement under the provisions of chapter 11 of the Bankruptcy Act. The plan proposed the payment of 15 percent in cash to all unsecured creditors; the payment of all administration expenses and debts entitled to priority as should be determined and allowed by the court: that the debtor should continue in business; and that all debts contracted by the receivers should have priority over any other debts and should be paid in full in cash. Notice was given requiring all creditors and other parties in interest to show cause why the plan of arrangement should not be considered and confirmed. A copy of the notice was sent to the Commissioner of Internal Revenue at Washington. D. C., and to the collector of internal revenue at Syracuse. New York. The plan of arrangement was approved by a referee on April 10, 1941. On April 12, 1941. the receivers in the equity proceedings were ordered to surrender possession of the assets of petitioner to the petitioner, except cash on hand subject to the payment of obligations of the receivers and administration expenses. On July 11, 1941. the receivers were discharged by the District Court of the United States.

The deficiency notice advising the petitioner of the determination of deficiencies for 1939 and 1940 was dated May 15, 1942. No claim for income taxes for the years 1939 and 1940 was filed by the Commissioner or by the collector with the receivers during the receivership, nor with the Clerk of the United States District Court for the Northern District of New York, nor with the referee in bankruptcy during the arrangement proceedings.

Petitioner takes the position that the taxes now claimed by the Commissioner were the obligation of the receivers and may not be collected from petitioner. There is ample authority to support petitioner's argument that income realized during the receivership

proceeding is the receivers' income and not that of the debtor corporation; and that taxes imposed upon such income are taxes of the receivers, in the nature of administration expenses, rather than taxes imposed upon the corporation. *Michigan* v. *Michigan Trust Co.*, 286 U. S. 334. *Prudential Insurance Co.* v. *Liberdar Holding Corporation*, 74 Fed. (2d) 50; *MacGregor* v. *Johnson-Cowdin-Emerich, Inc.*, 39 Fed (2d) 574; *United States* v. *Killoren*, 119 Fed. (2d) 364; certiorari denied, 314 U. S. 640; *Pennsylvania Cement Co.* v. *Bradley Contracting Co.*, 274 Fed. 1003; *415 South Taylor Building Corporation*. 2 T. C. 184.

Notwithstanding these general principles, there are provisions of the Bankruptcy Act which impose upon the debtor corporation a liability in certain instances for taxes becoming due prior to the time that it regains possession and control of its property. The provision with which we are here concerned is section. 397 of the Chandler Act, 52 Stat. 915, which was enacted on June 22, 1938. and became effective on September 22, 1938, prior to the tax years in dispute. It is part of the chapter dealing with arrangements under the Bankruptcy Act. being chapter 11, section 797, Title 11 of the United States Code Annotated under which chapter the petitioner in this case reacquired its property. It provides as follows:

Any provision in this chapter to the contrary notwithstanding, all taxes which may be found to be owing to the United States or any State from a debtor within one year from the date of the filing of a petition under this. chapter, and have not been assessed prior to the date of the confirmation of an arrangement under this chapter, and all taxes which may become owing to the United States or any State from a receiver or trustee of a debtor or from a debtor in possession, shall be assessed against, may be collected from, and shall be paid by the debtor or the corporation organized or made use of for effectuating an arrangement under this chapter: *Provided, however*. That the United States or any State may in writing accept the provisions of any arrangement dealing with the assumption, settlement. or payment of any such tax. July 1, 1898, c. 541. § 397, as added June 22, 1938, c. 575. § 1, 52 Stat. 915.

The taxes claimed by the Commissioner in the case at bar are taxes which have become owing to the United States from receivers of a debtor; and in such event the above section imposes a liability upon the debtor for the payment of such taxes.

Petitioner seeks to avoid the application of this section upon the ground that the words "from a receiver or trustee of a debtor" mean only a receiver or trustee in bankruptcy, as distinguished from a receiver in equity. and that the section was not intended to apply to taxes becoming due from equity receivers during the course of the equity receivership.

An identical provision is contained in chapter 10 of the Bankruptcy Act dealing with corporate reorganizations, 11 U. S. C. A., § 671. In explaining this provision, as well as the related provisions

under chapters 11 12, and 13, the House Committee stated in its Report No. 1409, 75th Cong., 1st sess., p. 55:

Section 270 [which became section 671, *supra*] provides that the debtor or the corporation organized under the plan shall be liable for all taxes which may be found to be owing to the United States or any State within one year from the date of the filing of the petition and have not been assessed prior to the date of confirmation of a plan. The section also provides for the collection from the debtor or the corporation resulting from the reorganization proceedings of all Federal or State taxes which may become owing from a receiver or trustee of a debtor or from a debtor in possession. This assumption clause is designed to give adequate protection to the interests of the United States Government not only in connection with taxes which become due during the pendency of the proceedings but also in cases where the current tax return had not been filed during such period or where the amount of tax liability for a prior period had not been adequately determined by the Treasury Department prior to confirmation of the plan. * * *

The Committee believes these new tax provisions will strike a balance between the necessity of safeguarding the Government's tax interests in a debtor corporation, or the new corporation resulting from the reorganization proceedings, and the necessity of scaling down the indebtedness of the debtor corporation in order to make the plan successful. It is felt that any leniency of this kind on the part of the Government, when its interests are properly safeguarded, will contribute to the success of the plan of reorganization and to the general objective of preserving a business enterprise so that it may not only continue to be economically productive, but also productive of future normal taxes.

Notwithstanding this broad expression of intent to provide for the collection of taxes which have become due during the pendency of a proceeding and for the current year when the proceeding is terminated and for prior periods where the tax liability has not been adequately determined prior to the confirmation of the plan. petitioner asks that we construe the word "receiver" in this section as excluding an equity receiver.

We think the obvious purpose of the act would be thwarted by such an interpretation. Section 732 of Title 11, U. S. C. A., provides that in a proceeding for an arrangement under chapter 11 the court may appoint a receiver of the property of the debtor or if a trustee in bankruptcy has previously been appointed the court shall continue such trustee in possession. Petitioner concedes that section 797. in providing that taxes becoming due from a trustee shall be paid by the debtor, is broad enough and was intended to cover taxes becoming due from a trustee in bankruptcy who had been acting prior to the filing of the plan for arrangement under chapter 11. We think the language of section 797 is broad enough also to include taxes becoming due in the course of an equity receivership. Indeed. any other construction would result in an unusual situation. If before the enactment of the Chandler Act a trustee had been appointed under section 77 (b) of the Bankruptcy Act, taxes becoming due from

such trustee would be collectible from the debtor upon the subsequent confirmation of an arrangement under chapter 11. The same result was intended, we think, where the prior proceeding happened to be one in equity. Particularly is this so when it is remembered that section 77 (b) was enacted in 1934 to remedy the evils and embarrassments brought about by equity receiverships, and contemplated a proceeding of the same general character as the prior equity proceeding. *Duparquet Co.* v. *Evans,* 297 U. S. 216, 219. Petitioner's suggestion that if the section under consideration is applied to equity receiverships, it will have to be applied to all receivers, "even to a receiver under foreclosure in state court," is subject to precisely the same answer that the Supreme Court gave in *Duparquet Co.* v. *Evans, supra,* where it pointed out the well known meaning the words "equity receivership" had acquired in connection with the Bankruptcy Act.

Consequently, we hold that taxes becoming due from a receiver in equity during the receivership proceedings are covered by the provisions of section 797, *supra,* and that the debtor after the confirmation of a plan of arrangement is liable for such taxes.

*Decision will be entered for the respondent.*